438 So.2d 1055 (1983)
Donald L. BURLEY, Appellant,
v.
Margaret J. BURLEY, Appellee.
No. 83-1196.
District Court of Appeal of Florida, Fourth District.
October 19, 1983.
Roger W. LaJoie of Sullivan & LaJoie, Vero Beach, for appellant.
No appellee's brief filed.
HERSEY, Judge.
The father appeals from a non-final order denying his petition for modification of child custody. We reverse.
Custody and child support issues related to a dissolution proceeding between the present parties were resolved by an agreement, later incorporated in a supplemental final judgment, which provided, inter alia, that each of the minor children "shall, at all times, have the right to select the parent with whom said child desires to reside." Exercising this right, one or more of the children effected changes in residence which, in turn, affected custody and support. As a result of these changes the father petitioned unsuccessfully for modification, *1056 resulting in these appellate proceedings.
The rules which govern the issues thus presented are elementary and straightforward. See Elkins v. Vanden, 433 So.2d 1251 (Fla. 3d DCA 1983). One who seeks a change in the custody of minor children shoulders a heavy burden. First he must overcome the res judicata effect of the existing order determining custody by showing a material change in circumstances and then he must show that the welfare of the minor child would be best served by the proposed change. In passing, we note for the guidance of the parties, their counsel and the trial court that a change in preference by one or more of the minor children as to which parent shall have custody is insufficient, standing alone, either to constitute a sufficient change of circumstances or to support a determination that a change is in the best interest of the child. It may be considered on both issues, however, and shall be given such weight as the trial court determines appropriate.
The point here is that no evidentiary hearing took place and thus no basis has been established for a finding on the issue of change of circumstances or the issue of the best interests of the child. We reverse and remand with instructions to the court to provide an opportunity for such a hearing upon motion by either party. The order appealed is reversed.
REVERSED and REMANDED with INSTRUCTIONS.
BERANEK and DELL, JJ., concur.