533 So.2d 337 (1988)
Elizabeth SCHNICKE, Appellant,
v.
Loren Lewis SCHNICKE, Appellee.
No. 88-820.
District Court of Appeal of Florida, Fifth District.
November 17, 1988.
Richard D. West, Orlando, for appellant.
No appearance for appellee.
ORFINGER, Judge.
The order appealed from is reversed insofar as it transfers the primary residential care of the minor child of the parties from appellant to appellee. This order followed a noticed hearing on appellee's motion to hold appellant in contempt for allegedly *338 disobeying the court's order on visitation. No pleadings were filed requesting a change of custody nor was there any notice that any such change of custody would be heard or considered by the court. The trial court cannot modify a support order or other adjudicated right unless the court's subject matter jurisdiction has been properly invoked by appropriate pleadings, and that invoked jurisdiction has been perfected by the proper service of process and due process notice and an opportunity to be heard on that issue has been had. Department of H.R.S. v. Wesley, 497 So.2d 925 (Fla. 5th DCA 1986). See Cortina v. Cortina, 98 So.2d 334 (Fla. 1957) (a decree cannot be modified unless the issue of modification is presented in appropriate proceedings and the parties are given opportunity to be heard).
REVERSED.
DAUKSCH and DANIEL, JJ., concur.