626 So.2d 318 (1993)
Deborah Kay VAZQUEZ, Appellant,
v.
Mark Anthony VAZQUEZ, Appellee.
No. 92-3070.
District Court of Appeal of Florida, Fifth District.
November 12, 1993.
Thomas H. Yardley and Maureen M. Matheson of Reinman, Harrell, Graham, Mitchell & Wattwood, P.A., Melbourne, for appellant.
Richard L. Rogers of Richard L. Rogers, P.A., Titusville, for appellee.
THOMPSON, Judge.
Deborah Kay Vazquez, mother and former wife, appeals a non-final order modifying a final judgment of dissolution. The non-final order changed the primary residential custody of a minor child from the appellant to Mark Anthony Vazquez, the former husband and the child's father. This change was temporary and the trial judge scheduled a future hearing on all pending issues. We reverse because the appellant was denied due process.
A final order of dissolution was entered as to the appellant and appellee on 15 November 1989. The final judgment of dissolution provided that both parents would share parental responsibility for their son, Matthew. He was two years old at the time the order was entered. Appellant was awarded primary residential custody with frequent and continuing contact with Matthew by his father, the appellee. The trial court also ordered that the appellee pay $300.00 biweekly as child support.
On 31 October 1992, the appellant was served with a verified supplemental petition for modification of final judgment. A hearing was scheduled for 4 November 1992. The appellee was seeking temporary physical custody of the minor child and temporary abatement or termination of his obligation to pay child support. Appellee alleged a substantial change in circumstances existed because Matthew had been living with him for over a year and the appellant had visited the child only twice. This was vehemently disputed by the appellant.
Both parties appeared at the hearing, but no witnesses were sworn to offer testimony. The trial judge heard argument from the lawyers representing the parties. Even though the appellant had subpoenaed a witness to present testimony, the trial judge did not allow the witness to testify. At the end of the hearing the trial judge modified the primary residential custody on a temporary *319 basis so that each party would spend alternating seven-day periods with the child. Appellant's attorney objected, arguing that the appellee had not shown or proven a substantial change in circumstances that would warrant a modification of the original custody order and that witnesses available to testify had not been heard by the trial judge. He asked the judge to maintain the status quo until a full hearing could be conducted. The trial judge responded, "Please, please, I have a long day ahead of me. Who's going to create an order?"
All parties agree that the parent seeking a change of custody has an extraordinary burden. See McGregor v. McGregor, 418 So.2d 1073, 1074 (Fla. 5th DCA 1982). Because a trial court has less discretion in a modification proceeding, Jablon v. Jablon, 579 So.2d 902, 903 (Fla. 2d DCA 1991), the noncustodial parent must establish that 1) a substantial change in the condition of one or more of the parties has occurred and 2) the best interest of the child will be promoted by the change. (Emphasis supplied.) See Sanchez v. Sanchez, 575 So.2d 744 (Fla. 5th DCA 1991). This presumes that both parents will have the opportunity for a full hearing where their witnesses and the parties themselves are available to offer testimony. If there is no full hearing, the appellate court must reverse the decision of the trial court. See Burley v. Burley, 438 So.2d 1055 (Fla. 4th DCA 1983). In the case sub judice, the appellant was not given the opportunity to testify or to present a witness who was present to testify on her behalf. She was deprived of her right to participate in the hearing. This was error. See Begens v. Begens, 617 So.2d 360, 361 (Fla. 4th DCA 1993).
REVERSED and REMANDED for evidentiary hearing on modification of custody and visitation.
HARRIS, C.J., and GOSHORN, J., concur.