664 So.2d 37 (1995)
Victoria BLACKWOOD, Appellant,
v.
Alexander ANDERSON, Appellee.
No. 95-471.
District Court of Appeal of Florida, Fifth District.
December 1, 1995.
William R. Clifton and Joan H. Bickerstaff of Joan H. Bickerstaff, P.A., Melbourne, for Appellant.
*38 No Appearance for Appellee.
DAUKSCH, Judge.
This is an appeal from an order awarding child custody.
The parties are the unmarried parents of two children. Appellant obtained an ex parte domestic violence injunction against appellee and then she failed to attend the scheduled hearing to determine if the temporary injunction should be made permanent. At that hearing the court awarded custody to appellee and ordered a third hearing. Appellant failed to appear at the third hearing.
Because the record, sparse as it is, does not show that appellee properly pleaded for custody and that appellant was sufficiently noticed as to the custody issue, we must quash the order. Because the nature of a custody award involves the welfare and protection of children, and because there is an insufficient record for us to review the propriety of the award, we deem it best to require that the custody of the children must remain with the appellee until a proper full hearing and order on the issue is completed.
It is so ordered.
GOSHORN J., concurs.
ANTOON, J., concurs in part and dissents in part, with opinion.
ANTOON, Judge, concurring in part, dissenting in part.
This case is an example of the frustration experienced by trial judges who are confronted with volumes of domestic violence actions fraught with issues of custody, visitation, and child support, and who are expected to decide such issues on short notice, in limited amounts of time, and without benefit of counsel since often one or both of the parties fail to appear for scheduled hearings. These situations are particularly difficult for the conscientious trial judge whose overriding concern is the safety and welfare of the minor children. It is obvious that here, the trial judge did what he believed was in the best interest of the children under difficult circumstances; however, I concur with the majority that the instant record does not support the order entered in this case. I write separately because I conclude further that the order must be reversed and custody of the children reinstated with appellant because the trial judge lacked jurisdiction to transfer custody of the children from appellant (Blackwood) to appellee (Anderson), and to enter a domestic violence injunction against Blackwood.
Blackwood, the mother of the children, filed an action for injunction pursuant to section 741.30, Florida Statutes (Supp. 1994). Her petition sought an injunction against domestic violence, describing her relationship with Anderson "as if a family ... with whom two infant twins are shared." Blackwood did not, however, specifically allege Anderson to be the father of the twins. The twins were six-weeks old at the time the petition was filed. Based on the allegations contained in the petition, a temporary injunction was entered against Anderson, and a hearing set to consider the relief sought by Blackwood.
Blackwood did not appear at the hearing, but Anderson did. The trial judge awarded temporary custody of the twins to Anderson, finding that Anderson is the natural father of the children. The court also scheduled a second hearing to take up the issues raised in Blackwood's petition. When Blackwood failed to appear for the second scheduled hearing, the trial judge entered an order awarding Anderson custody of the twins, denying Blackwood visitation rights, and enjoining Blackwood from coming to Anderson's residence or place of business. Importantly, no pleading was before the trial judge asking that paternity be established, nor does it appear from the record that there had ever been a procedurally correct determination of paternity.
Section 742.021, Florida Statutes (1993), requires that the person claiming paternity file a complaint in the circuit court, and that the complaint be served on the adverse party. Since Anderson failed to serve Blackwood with any petition claiming paternity of the twins, the trial judge lacked jurisdiction to determine this issue or to enter an order concerning custody of the children. Accordingly, I cannot support the majority's decision to allow the trial judge's order transferring *39 custody of the twins to Anderson to stand because there has not been a full hearing on the issue of paternity.
I also conclude that the trial judge lacked jurisdiction to enter an injunction against Blackwood. The provisions set forth in chapter 741, Florida Statutes (Supp. 1994), provide the exclusive method of obtaining an injunction for protection against domestic violence. Campbell v. Campbell, 584 So.2d 125 (Fla. 4th DCA 1991). In this regard, section 741.30 requires that there be a sworn petition alleging specific facts of domestic violence,[1] and that, prior to an injunction after notice being entered, there must be personal service of the petition and notice of hearing on the responding party.[2] Anderson failed to meet these prerequisites and, although Blackwood's petition was set for hearing, such notice did not constitute notice that the trial judge would consider granting alternative relief to Anderson. In fact, the temporary injunction included only this caveat, "If the petitioner does not appear, this injunction may be dismissed." This was the only notice Blackwood was given.
Moreover, even if both parties had appeared at the second scheduled hearing, the trial judge would still have lacked jurisdiction to enter the injunction against Blackwood because mutual orders of protection are barred by the statute absent certain procedural requirements, none of which were met in this case.[3] In any event, even if the statutory requirements had been met, the order would still have to be reversed because the trial judge failed to set forth findings of fact and conclusions of law to support the entry of mutual orders of protection. See § 741.30(6)(d), Fla. Stat. (Supp. 1994).
In summary, as much as I respect the wisdom of the majority and the good intentions of the trial judge, in my view, we cannot perpetuate an order which has been entered without jurisdiction. Instead, the order must be stricken as void.
NOTES
[1] See § 741.30(3), Fla. Stat. (Supp. 1994).
[2] See § 741.30(4), Fla. Stat. (Supp. 1994).
[3] Section 741.30(1)(h), provides:

The court is prohibited from issuing mutual orders of protection unless:
1. Both parties have filed a petition for an injunction for domestic violence in accordance with subsection (3).
2. The sworn petition has been served upon the original petitioner in accordance in subsection (4).
3. Both parties personally appear.
4. The court specifically finds that each party seeking such order meets the criteria as defined in paragraph (a).