715 So.2d 1155 (1998)
Theresa PACE, Appellant,
v.
William SOLOMON, Appellee.
No. 97-3060.
District Court of Appeal of Florida, Fifth District.
August 28, 1998.
*1156 James R. Evans and Horace Smith, Jr., P.A., of Smith, Hood, Perkins, Loucks, Stout, Orfinger & Selis, Daytona Beach, for Appellant.
Scott Timothy Smith, Law Offices of James Martin Brown, Brooksville, for Appellee.
PETERSON, Judge.
Theresa Pace, as guardian of the person and property of her minor grandchild, P.F.P., appeals the termination of her guardianship and the transfer of custody of P.F.P. to William Solomon, the natural father. Pace asserts the termination and transfer of custody must be vacated because the hearing that took place was noticed only as a motion for contempt. We agree.
Pace's daughter was a single mother when P.F.P. was born on May 29, 1991. The mother was suffering from cancer and began residing with Pace before her death in July, 1994. Pace was then appointed as guardian of her grandchild.
In March, 1996, Solomon filed a petition seeking a declaration of his paternity of P.F.P. In the petition he also requested the child be placed with him as "the natural parent and sole remaining guardian." Pace's response to the petition included a motion to dismiss Solomon's request for primary residential care. That motion was never brought to hearing.
Solomon's paternity was established by blood testing and the trial court ordered Pace to allow Solomon to begin scheduled visitation with his daughter. During this period psychological testing was also to proceed relative to the issue of custody. Pace defied the court's visitation orders and Solomon filed repeated motions for contempt. Upon the fourth motion, and the first brought to hearing, Solomon sought, as a possible sanction, the "immediate removal of the child from the home of [Pace] and placement [in Solomon's home]." At the hearing on the motion, the trial court found Pace in contempt, awarded permanent custody of P.F.P. to Solomon, voided the guardianship, found P.F.P. to be dependent based upon neglect, froze the guardianship bank account, and ordered P.F.P.'s surname to be changed to Solomon.
A transfer of custody as punishment for one's contempt of court is not an appropriate sanction for the contempt. Moody v. Moody, 23 Fla. Law Weekly D1424, ___ So.2d ___ (Fla. 1st DCA 1998) (transfer of custody cannot be used as a punishment in a contempt proceeding); Ginder v. Ginder, 536 So.2d 1155, 1157 (Fla. 1st DCA 1988), rev. denied, 544 So.2d 199 (Fla.1989) (change of custody order improper punishment for wife's contempt). In Schnicke v. Schnicke, 533 So.2d 337 (Fla. 5th DCA 1988), this court reversed an order transferring primary residential care of the parties' minor child where the order, like the one in the instant case, followed a hearing noticed as a motion for contempt. This court in reversing, noted:
No pleadings were filed requesting a change of custody nor was there any notice that any such change of custody would be heard or considered by the court. The trial court cannot modify a support order or other adjudicated right unless the court's subject matter jurisdiction has been properly invoked by appropriate pleadings, and that invoked jurisdiction has been perfected by the proper service of process and due process notice and an opportunity to be heard on that issue has been had.
Id. at 338.
We acknowledge that the instant case is slightly different from Schnicke in that a request for change of custody was included in Solomon's original petition and was still pending at the time of the contempt hearing. Further, in his fourth motion for contempt, Solomon mentioned this fact and also mentioned that one of the remedies he was seeking in his contempt motion was the transfer of custody to him. Consequently, the due process problems and subject matter jurisdiction issues are not as prevalent as they were in Schnicke. Nonetheless, the hearing was clearly not noticed as a hearing in which the court would consider a permanent transfer of custody. A mere suggestion by a *1157 party seeking enforcement of a contempt motion that a transfer of custody is an appropriate "punishment" for the contempt is not an acceptable substitute for providing notice that a hearing on custody will be taking place. We also find no support in the record that any act of Pace demonstrated that P.F.P. was neglected and therefore dependent.
We affirm the order finding Pace to be in contempt and the order freezing the guardianship account. We vacate the order terminating the guardianship, the order awarding permanent custody of P.F.P. to Solomon, and the order granting the surname change. However, since Solomon has had custody for some period of time and the possibility exists that another transfer to Pace could be temporary, custody shall remain with Solomon so as to minimize the disruption to the child.[1]See Blackwood v. Anderson, 664 So.2d 37 (Fla. 5th DCA 1995) ("because the nature of a custody award involves the welfare and protection of children ... we deem it best to require that the custody of children ... remain with the appellee until a proper full hearing and order on the issue is completed."). We remand this case for the timely determination of the permanent custody of P.F.P. The proposed surname change and the issue of the guardianship shall also be resolved. We further direct that a guardian ad litem be appointed for P.F.P. The trial court shall also consider granting visitation rights to Pace at an early date pending a hearing on permanent custody.
AFFIRMED IN PART; VACATED; REMANDED.
W. SHARP and THOMPSON, JJ., concur.
NOTES
[1] We note that no motion to stay the custody transfer order during the pendency of this appeal was filed by Pace.