820 So.2d 324 (2001)
Gillard S. GLOVER, Appellant,
v.
Carol Wells GLOVER, Appellee.
No. 5D01-1804.
District Court of Appeal of Florida, Fifth District.
November 2, 2001.
Rehearing Denied December 6, 2001.
Catherine G. Swain of Catherine G. Swain, P.A., Daytona Beach, for Appellant.
Carol Wells Glover, Jacksonville, pro se.
ORFINGER, R. B., J.
The father, Gillard S. Glover, appeals the trial court's order temporarily changing custody of the parties' children to their mother, Carol Wells Glover. The father contends that the trial court erred in temporarily changing custody because the evidence failed to establish a substantial change in circumstances and that the best interests of the children would be promoted by the change.
The parties were divorced in 1990. The parties' two children, Jill, a daughter, age fifteen, and Trey, a son, age thirteen have lived with the father since 1992. In January, 2001, the mother filed an emergency motion for temporary custody, requesting custody of both children. While the mother's emergency motion for temporary custody contained numerous allegations against the father, the allegations related almost exclusively to the father's relationship with the parties' daughter and her alleged preference to live with the mother.
Whenever a parent seeks to modify a custody decree in a post-dissolution proceeding, that parent must prove by competent and substantial evidence, (i) a substantial change in circumstance and (ii) that the best interests of the child or children would be promoted by a change in custody. Fee v. Usler, 761 So.2d 361, 364 *325 (Fla. 5th DCA 2000); Wilson v. Roseberry, 669 So.2d 1152, 1154 (Fla. 5th DCA 1996). This test applies whether the party seeks a temporary or permanent modification of custody after the entry of the original final judgment. Schweinberg v. Click, 627 So.2d 548 (Fla. 5th DCA 1993).
After an evidentiary hearing, the trial court entered an order temporarily changing custody of the children from the father to the mother. The order contains detailed findings regarding Jill and her relationship with her father which are supported by competent, substantial evidence. Therefore, the two-prong test set forth above is satisfied as to Jill. However, the same cannot be said as to Trey. The order does not recite any reasons demonstrating why a change of custody is warranted as to him. While the evidence indicates that Trey is developmentally disabled and is very reliant on his older sister Jill, we cannot determine upon what basis the trial court found a substantial change in circumstances and how Trey's best interests would be promoted by the temporary change in custody.[1]
For the foregoing reasons, we affirm the trial court's temporary custody order as to Jill. However, we agree with the father that the order is insufficient as to Trey. We remand the matter to the trial court to enter appropriate findings of fact on the evidence in the record as to Trey. To the extent that the mother failed to carry her evidentiary burden on the issues in controversy, she should not be permitted to benefit by the remand and receive a second opportunity to prove her case. Thus, our remand is for the limited purpose of making factual findings only as to those matters not addressed originally. See Parenteau v. Parenteau, 26 Fla. L. Weekly D2412 (Fla. 5th DCA Oct.5, 2001). Alternatively, the trial court may restore custody of Trey to the father.
AFFIRMED IN PART AND REMANDED.
COBB and HARRIS, JJ., concur.
NOTES
[1] We recognize that while courts generally prefer to keep siblings together, there are exceptions when it is in the best interests of the children to be separated. See Griffith v. Griffith, 627 So.2d 527 (Fla. 2d DCA 1993); see also Reinhart v. Reinhart, 291 So.2d 103 (Fla. 1st DCA 1974).