801 So.2d 1003 (2001)
Nattassia MATIN, a/k/a Soheyla N. Ganjavi, a/k/a Soheyla Matin, a/k/a Nattassia Ganjavi, Appellant,
v.
John L. HILL, Appellee.
Nos. 4D01-1433, 4D01-2080.
District Court of Appeal of Florida, Fourth District.
December 19, 2001.
*1004 Stephen Karaski, Pompano Beach, for appellant.
Andrea Shelowitz of Shelowitz, Shelowitz & Terrell, Fort Lauderdale, for appellee.
PER CURIAM.
Soheyla Matin (mother) appeals a non-final order denying her motion to dissolve an ex parte child pick-up order granted in favor of John Hill (father). We reverse because the trial court order awarding temporary custody to the father without a subsequent evidentiary hearing violated the mother's due process rights.
The father and mother lived together on and off for approximately ten years. In 1995, during one of the couple's breakups, the mother was awarded custody of the minor child by a California court. Afterward, both parties moved to Florida and resided together until 1999. In July of 1999 the mother moved out of the couple's home and took the child with her.
On March 9, 2001, the father filed a petition in the Broward County circuit court to modify the California judgment. On that same day, the father also filed an ex parte emergency motion for temporary custody and a child pick-up order. The motion contained several allegations based on statements allegedly made by the child's school teacher, principal, counselor, and after-care director. These statements concerned the child's tardiness, absenteeism, behavior and hygiene, and school staff members' suspicions concerning the mother's state of sobriety when picking up the child from school.
On March 12, 2001, the trial court entered an ex parte order to pick up the minor child and issued a notice to appear. The mother was served with the order at the child's school, where the child was handed over to her father. It was the first time the mother received notice of the temporary custody change.
The mother filed a motion to dissolve the ex parte order and requested a hearing within five days pursuant to Florida Rule of Civil Procedure 1.610(d). At the hearing, counsel for the mother mainly challenged the validity of the ex parte order, asserting that it: (1) was improperly based on an unverified complaint without affidavits, (2) contained no findings concerning immediate and irreparable harm, (3) gave no reasons why advance notice was not given, and (4) was not properly served on the mother. Counsel for the father informed the court that the father was prepared to testify. The mother's attorney protested that the parties were "not here to have his client give testimony. It is not an evidentiary hearing." He further informed the court that the mother was not present because he had advised her not to attend the hearing since it was not an evidentiary hearing. Over objection, the father was sworn in and testified.
After taking the father's testimony and hearing argument from both sides, the trial judge denied the mother's motion to dissolve the ex parte pick-up order. He also ordered the mother to attend a DUI Consultant and Parenting Education course. On appeal the mother argues that the March 12 ex parte order was fatally defective and that she was denied due process when she was not afforded an opportunity to be heard before the court *1005 entered its order denying the motion to dissolve the ex parte order.
For a party to obtain a temporary modification of custody, he or she must prove that: (1) a substantial change in the condition of one or both of the parties has occurred, and (2) the best interests of the child will be promoted by the change. Wilson v. Roseberry, 669 So.2d 1152 (Fla. 5th DCA 1996). Generally, both parties must be given an opportunity for a full hearing where the parties and their witnesses are given an opportunity to testify and be heard. Id.
Entry of an ex parte order which temporarily changes custody may be warranted under certain circumstances, such as where "a child is threatened with physical harm or is about to be improperly removed from the state." Id. Even though a trial court should make every reasonable effort to allow both parties to be heard before it issues an emergency order of this caliber, if prior notice is impossible, "an opportunity to be heard should be provided as soon thereafter as possible." Id.
Ex parte orders granting temporary custody follow the same procedure as the issuance of a temporary injunction without notice. Fee v. Usler, 761 So.2d 361, 364 (Fla. 5th DCA 2000); see Fla. R. Civ. P. 1.610 (2001). In State v. Beeler, the supreme court discussed the procedures available to the party on the losing end of a temporary injunction:
After a trial court issues a temporary injunction, a defendant has two options. He may question the lack of prior notice by immediately appealing the injunctive order ... or he may file a motion to dissolve with the trial court. With the latter option notice becomes irrelevant because the defendant is present, and the burden would be on the plaintiff to show that the complaint and supporting affidavits are sufficient to support the injunction.
530 So.2d 932, 934 (Fla.1988).
Furthermore, "[o]nce the opposing party has received the benefit of notice and an opportunity to be heard at a hearing on the motion to dissolve, any issue regarding prior notice is moot." Id. Consequently, "the party against whom a temporary injunction without notice is issued may not attack the lack of notice by appealing the order denying the motion to dissolve." Id. These principles suggest that had the hearing on the motion to dissolve been truly evidentiary, then the mother would be foreclosed from arguing a due process notice violation before this court.
We conclude, however, that the hearing on the motion to dissolve was not evidentiary, as required by Florida law. Although this hearing was specially set and requested by the mother, she was not available to offer testimony. See Vazquez v. Vazquez, 626 So.2d 318, 319 (Fla. 5th DCA 1993)(noting that both parents should have an opportunity for a full hearing where the witnesses and the parties themselves are available to offer testimony); Utley v. Baez-Camacho, 743 So.2d 613, 614 (Fla. 5th DCA 1999)("The purpose of a due process hearing following the grant of an ex parte temporary injunction is to give the defendant an opportunity to show that the allegations previously relied on are not true."). Because the mother was not present at the hearing, she was unable to testify before the court and show that the previously relied upon allegations were untrue. See Vazquez, 626 So.2d at 319 (holding that "if there is no full hearing, the appellate court must reverse the decision of the trial court").
Even assuming, as the father maintains, that the hearing on the motion to dissolve was, in fact, an evidentiary *1006 hearing, we would nevertheless reverse the denial of the motion to dissolve. "A plaintiff who has obtained ex parte relief based simply on allegations in its complaint cannot shift the burden to the defendant until it has established an evidentiary basis to support such relief." Shea v. Cent. Diagnostic Servs., Inc., 552 So.2d 344, 346 (Fla. 5th DCA 1989). Indeed, the burden remains on the plaintiff to "go forward with evidence sufficient to sustain the ex parte grant of temporary injunctive relief." Id.
These principles also apply to temporary changes in child custody. In Fee, the fifth district noted that the father's ex parte motion "arguably established the existence of an emergency sufficient to support issuance of the initial ex-parte order." 761 So.2d at 364. However, the court found that he did not meet his burden at the second hearing in that he failed to present any competent evidence supporting the issuance of the emergency order. Id. at 365. Ultimately, the court held that the "failure to dissolve the [trial] court's emergency order in the absence of any evidence to support its issuance was an abuse of discretion." Id.
In this case, the father did not present sufficient competent evidence during the hearing on the motion to dissolve. Instead, he simply reiterated many of the same unsubstantiated allegations made in his ex parte motion. Although he based his motion in large part on conversations with the child's teacher and principal, the father did not call either of them to testify at the hearing; nor did he provide the court with their deposition testimony or affidavits. Additionally, his allegations regarding the mother's lack of parenting skills were not supported by evidence.
We observe that a trial court has less discretion in a modification proceeding and that the parent seeking a change of custody has an extraordinary burden. Vazquez, 626 So.2d at 319. Because the father did not meet his burden, denying the mother's motion to dissolve was an abuse of the trial court's discretion.
We therefore reverse and remand this case to the trial court with instructions to conduct a full evidentiary hearing on the mother's motion to dissolve. Swartsell v. Swartsell, 615 So.2d 825, 826 (Fla. 4th DCA 1993).
REVERSED and REMANDED for further evidentiary proceedings.
POLEN, C.J., STEVENSON and TAYLOR, JJ., concur.