PLEUS, J.
Florence Berger (“the mother”) appeals a post-dissolution order awarding Francis Berger (“the father”) temporary primary residential responsibility for the children and restricting her to supervised visitation. This order was entered during the pen-dency of the appeal of the amended final judgment under the authority of Florida Rule of Appellate Procedure 9.600(c), which allows the trial court to make “awards necessary to protect the welfare and rights of any party pending appeal.” See Campbell v. Campbell, 436 So.2d 374 (Fla. 5th DCA 1983) (under Rule 9.600(c), the trial court has “a limited jurisdiction ... calculated to protect the party seeking or needing relief until the appellate court decides the issue on appeal”).
In Berger v. Berger, 788 So.2d 407 (Fla. 5th DCA 2001) (“Berger I ”), we affirmed the amended final judgment, which awarded primary residential responsibility to the mother. Thus, the order on appeal awarding temporary custody to the father was superceded by Berger I. Any doubts about this should have been removed by our holding in Berger v. Berger, 795 So.2d 113 (Fla. 5th DCA 2001) (“Berger II”), which stated:
In sum, we reverse both temporary orders being appealed in this case. Because another panel of this court has now affirmed the final judgment of dissolution, none .of its provisions are stayed or superceded. Any changes or amendment to the final judgment regarding visitation, relocation, or change of custody/primary residential parent should be accomplished through the normal legal process of filing petitions for modification, giving due notice to both parties, and a determination based on the best interests of the children, after a full hearing on both sides.
Berger II at 118.[1]
Nonetheless, the children were not returned to the mother after Berger I or *235 Berger II. Instead, the father filed a motion for continuation of temporary primary residential responsibility, which was granted on December 28, 2001. Neither the transcript of this hearing nor the lower court’s order contain any evidence or findings of fact sufficient to meet the burden for sustaining a change of custody. See Glover v. Glover, 26 Fla. L. Weekly D2623, — So.2d —, 2001 WL 1344076 (Fla. 5th DCA 2001) (when a parent seeks to temporarily or permanently modify a custody decree, the parent must prove by competent and substantial evidence that (1) a substantial change in circumstance has occurred, and (2) the best interests of the child will be promoted by the change).
We dismiss this appeal because the order being appealed was superceded by Berger I. However, because the children have now resided with the father since November 2000, we direct that the children remain with him until a full and proper hearing on the issues of custody, visitation and relocation can be completed. See Pace v. Solomon, 715 So.2d 1155, 1157 (Fla. 5th DCA 1998) (reversing an order changing custody from the mother to the father as punishment for contempt, but finding that because the child had been residing with the father for some period of time, custody should remain with father “so as to minimize the disruption to the child”); Blackwood v. Anderson, 664 So.2d 37 (Fla. 5th DCA 1995) (“because the nature of a custody award involves the welfare and protection of children ... we deem it best to require that the custody of children ... remain with the appellee until a proper full hearing and order on the issue is completed.”).
We further direct the trial court to hold a hearing on this matter within 60 days, noting that the burden is on the father to prove that a substantial change in circumstance has occurred since the final judgment and that it is in the children’s best interests to remain with the father.
APPEAL DISMISSED WITH DIRECTIONS.
PETERSON, J., concurs in result only.
GRIFFIN, J., concurs in part and dissents in part, with opinion.

. The order on appeal was entered March 5, 2001. Berger I was issued July 6, 2001. Ber- *235 gerll was issued August 10, 2001.