GRIFFIN, J.
Gillard S. Glover [“the father”] appeals the trial court’s non-final order on remand for temporary modification of custody and setting final hearing on permanent modification of custody entered on May 31, 2002. The father contends that the trial court erred by 1) awarding temporary custody of his son, T.G., to Carol Wells Glover [“the mother”] without proof of a substantial change in circumstances; 2) reviewing matters outside of the record; and 3) awarding temporary custody of T.G. when there was no emergency. We affirm.
The Glovers were divorced in 1990. Primary custody of the Glovers’ two children, J.G. and T.G.,[1] was initially granted by *928 agreement to the mother. In 1992, the trial court entered a consent order changing primary custody to the father. On January 24, 2001, the mother filed an emergency motion to obtain temporary custody of both children. Also on that day, the father filed a petition for emergency order to restore custody after J.G. ran away to her aunt’s home in Chicago, and requested that the mother show cause why she should not be held in contempt for interfering with the custody arrangement ordered by the court. The trial court took evidence on the disputed issues. The mother testified that T.G. is developm'en-tally delayed, nonverbal and unable to take care of himself. He needs someone to handle all his “life skills” for him, including dressing and feeding him. The mother also testified that the father would leave both J.G. and T.G. in the care of his girlfriend for weeks at a time while he was out of town. Lois Swaggerty testified that she was the children’s caretaker from 1996 through 2000, and that the children would stay with her when the father left town on extended trips.
J.G. testified that T.G.’s motor skills were not developed and that he could not speak. She stated that he basically had to have everything done for him. J.G. further testified that T.G. was “incredibly dependent” on her, and that she preferred for T.G. to live in the same house with her because he was “emotionally dependent” on her as well. She stated that she fed T.G., gave T.G. his bath, changed T.G.’s clothes, watched T.G., washed T.G.’s laundry, and did anything else that T.G. needed done.
The trial court entered an order on May 17, 2001 giving temporary custody of both J.G. and T.G. to the mother provided that she file a supplemental petition for modification of custody. The order made the following findings:
A. The [father] is the lawful custodian of the minor child, [J.G.] and has been since she was five years old. She is now fifteen. The [mother] has scheduled visitation with [J.G.].
B. The child has become alienated from her father and desires to live with her mother in Jacksonville, Florida.
C. The child perceives her father as a stern disciplinarian and is extremely unhappy. She believes she is better able to get along with her mother.
D. As a result of her unhappiness the child evidences irritability and deceitfulness. Recently she ran away to Chicago supposedly without the knowledge of either party.
E. The child has sought contact with adult men and generally acted inappropriately.
F. The child has been living with her mother in Jacksonville and is attending school but appears to be performing below her potential.
G. The child, [J.G.], wishes to attend the Douglas Anderson School of Arts in Jacksonville for the next school year to pursue her musical talents.
H. After carefully considering and weighing all the evidence the Court finds that although the [father] has worked diligently and loves his child it would be in the best interest of the child to be in temporary primary residential custody of the [mother].
The court did not make any findings regarding T.G. The father was granted visitation. He appealed this order to this court on June 14, 2001.
The mother filed a supplemental petition for modification of child custody, al *929 leging a substantial change in circumstances which made it in the best interests of the children to grant her permanent custody. The mother alleged the father was verbally and physically abusive toward J.G.; the father was unable to prevent J.G. from running away; the father forced J.G. to provide primary care for her handicapped brother T.G.; J.G. wanted to live with her mother; J.G. was enrolled to attend a specialized musical training school in Jacksonville where her mother lives; and the father frequently leaves his home for extended periods of time without telling the mother or children where he is going, leaving the children in the custody of his girlfriend or a babysitter.
This court then resolved the father’s appeal of the May 17, 2001 order giving temporary custody of both children to the mother. In Glover v. Glover, 820 So.2d 324 (Fla. 5th DCA 2001), this court affirmed the trial court’s temporary custody order as to J.G., but remanded the matter to the trial court to enter findings of fact on the evidence in the record as to T.G. because it found the order was insufficient in this respect.
Gn May 31, 2002, the trial court entered an order on remand of temporary modification of custody. The order stated:
In response to the DCA’s mandate, the Court has made a thorough review of the record and makes the following findings in favor of awarding temporary custody of the parties’ son, [T.G.] to Respondent [the mother].
First, [T.G.] is developmentally challenged and is thus not able to care for himself. (Transcript 2/9/01 p. 45^16) Next, the record reveals that [T.G.] has a close emotional bond with [J.G.]. (Transcript 3/27/01 p. 63, 149) In addition, [J.G.] has been a caregiver and has assisted in the care for [T.G.] including such matters as helping him get dressed and helping him with meals. (Transcript 3/27/01 p. 18-19, 59-60; Transcript 2/9/01 p. 46-47) Finally, testimony also demonstrates that both [J.G.] and [T.G.] were often left in the care of persons other than their father for substantial periods of time. (Transcript 2/9/01 p. 45)
Furthermore, Florida law has long recognized a preference for keeping siblings together whenever possible and whenever it is in the best interests of the siblings. The Court sees no reason to depart from that preference in this case and finds that it is in [T.G.]’s best interest to be temporarily in the custody of Respondent [the mother] along with [J.G.].
The court held that T.G. would remain in the temporary custody of his mother until a final determination of custody had been made.
The father first contends that the trial court’s change in custody was in error because the mother failed to meet the burden of proving by competent substantial evidence that there was a substantial and material change in circumstances regarding T.G..and that T.G.’s best interest would be promoted by the temporary change in custody. We find the evidence on this issue to be sufficient; in particular, the evidence that the children’s care is often left to others. The remaining claims of error do not warrant discussion.
AFFIRMED.
SHARP, W„ and ORFINGER, JJ., concur.

. At the time of the first appeal, J.G. was fifteen years-old and T.G., who is develop *928 mentally disabled, was thirteen years-old.