925 So.2d 1136 (2006)
Carolyn H. FOSTER f/k/a Carolyn H. Pearson, Appellant,
v.
Scott PEARSON, Appellee.
No. 5D05-4111.
District Court of Appeal of Florida, Fifth District.
April 21, 2006.
Billy Thomas, W. Melbourne, for Appellant.
Maureen Monaghan Matheson, of Reinman Matheson Vaughan & Durham, P.A., Melbourne, for Appellee.
SAWAYA, J.
The mother appeals the trial court's order temporarily changing custody of the parties' child to the father after the mother announced her intention to move from Brevard County to the west coast of Florida *1137 without the requisite consent of the father or court order, in violation of the parties' marital settlement agreement.[1] She argues, and the father concedes, that the trial court erred in changing temporary custody without making findings as to both a substantial change of circumstances and the best interests of the child. See, e.g., Wilson v. Roseberry, 669 So.2d 1152 (Fla. 5th DCA 1996). They disagree, however, on the next step.
The mother, relying on certain statements made by the trial court at the hearing, asserts that the court found no substantial change had occurred and argues that accordingly, outright reversal of the order changing custody is required. The father, on the other hand, contends that remand for findings is the correct cure, citing Glover v. Glover, 820 So.2d 324, 325 (Fla. 5th DCA 2001), wherein the trial court ordered a change of temporary custody without making sufficient findings as to one of the children involved. In Glover, this court remanded for entry of appropriate findings of fact based upon evidence in the record, cautioning:
To the extent that the mother failed to carry her evidentiary burden on the issues in controversy, she should not be permitted to benefit by the remand and receive a second opportunity to prove her case. Thus, our remand is for the limited purpose of making factual findings only as to those matters not addressed originally.
Id.
Review of the transcript in the instant case shows that the mother mischaracterizes the trial court's statements. The trial court simply refused to make any findings whatsoever, repeatedly citing the fact that it was addressing a temporary change of custody, not a permanent one. This distinction is incorrect, as this court has expressly stated that even temporary changes of custody must be supported by findings as to both substantial change in circumstances and the best interests of the child. Glover; Wilson.
Therefore, we hereby remand with instructions for the trial court to enter findings of fact, based upon record evidence, to support the temporary change in custody.
REMANDED with instructions.
PLEUS, C.J. and THOMPSON, J., concur.
NOTES
[1] We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iii).