PLEUS, J.
In this guardianship proceeding, Cari-dad Gomez, the maternal grandmother and a New Jersey resident, seeks certiorari review of the trial court’s interlocutory order, which ordered Ms. Gomez to “immediately return” her orphaned minor granddaughter, Nahomy Dieppa, to Flori *273 da, and appointed the respondent, Jorge Suarez, the paternal grandfather and a Florida resident, as the temporary guardian. We grant the petition in part.
The underlying facts are tragic. The subject of the instant guardianship dispute is Nahomy Dieppa, a seven-year old girl. Nahomy’s parents, who were unmarried, were both killed on July 1, 2007, by a drunk driver in Brevard County. Naho-my’s two-year old brother was also killed in the same crash.
The events following the DUI crash are somewhat in dispute. It appears that Mr. Suarez initially picked up Nahomy following the accident, but then allowed Nahomy to go home with her maternal aunt, Anna Camejo. According to Mr. Suarez, he was “never allowed to have access with the child again.” Nahomy’s maternal family, including Ms. Gomez, arrived from New Jersey on July 3, 2007, for the funeral services. Ms. Gomez initially filed an emergency petition for temporary custody in the Orange County circuit court. However, she apparently did not follow through with the petition and did not obtain an order from the court with regard to the petition. Instead, shortly after the funeral, Ms. Gomez took Nahomy to New Jersey, where Nahomy has since lived.
Not surprisingly, the ensuing custody battle between the parties has been hotly contested. The parties have made strong but largely unsubstantiated allegations about each other on the issue of fitness to serve as Nahomy’s guardian. Unfortunately, some of the allegations are ugly, and have served only to compound the tragic circumstances.
Upon return to New Jersey, Ms. Gomez obtained temporary custody of Nahomy and Nahomy’s half-brother Leonardo, in an order from a New Jersey court dated July 9, 2007. In a subsequent order dated August 6, 2007, the New Jersey court ordered that temporary custody of Nahomy remain with Ms. Gomez “as per” the July 9, 2007, order and further ordered that Ms. Gomez be granted “full guardianship and residential custody” of Leonardo.
Meanwhile, in Florida, Mr. Suarez filed a guardianship petition on July 16, 2007, in circuit court to obtain permanent custody over Nahomy. On September 26, 2007, the trial court entered its order determining jurisdiction. In that order, the court determined that Florida was the home state of Nahomy for purposes of the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA). See § 61.503(7), Fla. Stat. (2007).
Thereafter, the New Jersey court determined that the Florida court had assumed jurisdiction pursuant to its order of September 26, 2007. Subsequently, the New Jersey court, in an order dated November 2, 2007, acknowledged that the Orange County circuit court was the court “having jurisdiction” to appoint a guardian. The New Jersey court also determined that its earlier order of August 6, 2007, “shall remain in full force and effect until a guardian is appointed” by the Orange County circuit court.
Mr. Suarez then filed a motion to have Nahomy returned immediately to Florida and to appoint a temporary guardian. The trial court entertained Mr. Suarez’s motion at a hearing conducted on January 28, 2008. The trial court ordered the child’s immediate return to Florida and appointed Mr. Suarez as temporary guardian until there has been a determination with respect to the best interests of the child. The trial judge was upset that Ms. Gomez had taken Nahomy from Florida without first obtaining an order from the court in Ms. Gomez’s emergency temporary custody case. Ms. Gomez’s counsel objected, and pointed out that before the trial court *274 could enter such an order, there needed to be an evidentiary hearing. Counsel for Ms. Gomez explained, “We would want to present witnesses and substantiate our allegations that that would be detrimental to the child.” However, the court rejected the request for an evidentiary hearing, stating, “[T]he child belongs in Florida and I want that child returned.”
This Court granted Ms. Gomez’s emergency motion for stay pending certiorari review.
We find no basis for disturbing that portion of the order under review, which directs that Nahomy be immediately returned to Florida. The trial court had authority to order Nahomy be brought to Orange County, Florida, as part of this pending guardianship action. However, we grant certiorari as to the remaining portion of the order which appoints Mr. Suarez as temporary guardian. That portion of the court’s order departs from the essential requirements of law and results in irreparable harm. See Belair v. Drew, 770 So.2d 1164 (Fla.2000). It is evident from the hearing transcript that the trial court failed to address the best interests of Nahomy in appointing Mr. Suarez as temporary guardian.
The court erred in rejecting Ms. Gomez’s objection that an evidentiary hearing was necessary before effecting a transfer of temporary custody. The court must conduct an evidentiary hearing when addressing the issue of temporary custody in order to determine the best interests of the child. In Hembree v. Thomas, 906 So.2d 321 (Fla. 1st DCA 2005), it was held that the trial court erred in refusing to hold an evidentiary hearing on the issue of the best interests of the child in temporary custody proceeding. In Foster v. Pearson, 925 So.2d 1136, 1137 (Fla. 5th DCA 2006), this Court expressly stated that even temporary changes of custody must be supported by findings as to both substantial change in circumstances and the best interests of the child.
To be sure, Ms. Gomez’s conduct in taking Nahomy to New Jersey might have been questionable under the circumstances, but it was not in violation of a court order. If the trial court sought to punish Ms. Gomez for removing Nahomy to New Jersey, a change in guardianship as a sanction would not be appropriate. In Pace v. Solomon, 715 So.2d 1155 (Fla. 5th DCA 1998), this Court held that transfer of custody as punishment for contempt was not an appropriate sanction.
Because the parties have made strong but largely unsubstantiated allegations about each other on the issue of fitness to serve as Nahomy’s guardian, it is clear that an evidentiary hearing is all the more imperative before the trial court attempts to make a temporary custodial determination with Nahomy’s best interests in mind. We express no opinion on who should be awarded temporary custody of Nahomy. We rather instruct that Ms. Gomez immediately bring Nahomy to Orange County, Florida, and that an evidentiary hearing on temporary guardianship be expeditiously held.
PETITION GRANTED IN PART; PORTION OF ORDER APPOINTING JORGE SUAREZ AS TEMPORARY GUARDIAN QUASHED.
GRIFFIN and SAWAYA, JJ., concur.