634 So.2d 252 (1994)
Michael Lee LEINENBACH, Appellant,
v.
Karyn Ruth LEINENBACH, a/k/a Karyn Gamble Rich, Appellee.
No. 92-03636.
District Court of Appeal of Florida, Second District.
March 25, 1994.
Richard A. McKinley, Bartow, for appellant.
Larry S. Helms, Winter Haven, for appellee.
*253 ALTENBERND, Judge.
Michael Lee Leinenbach (the father) appeals an order that modifies a final judgment for dissolution of marriage by transferring primary residential custody of the parties' son to his former wife (the mother). The trial court entered the order in reliance upon the report of a guardian ad [item. Because the father was given no opportunity for a hearing to address the report, we must reverse the order and remand for further proceedings.
The final judgment of dissolution entered on November 15, 1991, gave the parties shared parental responsibility for their six-year-old son and awarded the father primary residential custody. The mother was obligated to pay child support. Shortly thereafter, the father moved to Indiana with his son. On March 11, 1992, the mother filed a complaint for modification of the final judgment to obtain custody of the son and child support.
At a hearing on June 8, 1992, the guardian ad litem testified that the father was not encouraging a relationship between mother and child. The trial court reserved ruling on the mother's request, but entered an interim order on June 23, giving her eight weeks of uninterrupted visitation with the child. The order requested the guardian ad litem observe the mother and child during this visitation and prepare a report with the guardian's findings and recommendations.
When the mother's attorney sent the proposed interim order to the trial court, he attached a letter indicating that both attorneys expected the trial court to conduct a hearing to address the contents of the guardian ad litem's report and offering to take the steps necessary to set a hearing. Our record does not indicate that anyone arranged for the anticipated hearing. On August 10, 1992, the guardian ad litem submitted her report, recommending a change in custody. Without further hearing, the trial court entered a final order expressly relying on that report and transferring custody to the mother. The father's attorney filed a motion for rehearing, observing that the trial court had not conducted the necessary hearing to address the report. That motion for rehearing was denied without a hearing.
Procedural due process prohibits a trial court from relying upon a social investigation report to determine child custody without first providing the report to the parties and permitting them to introduce evidence that might rebut the conclusions or recommendations contained in the report. See § 61.20, Fla. Stat. (1991); Kern v. Kern, 333 So.2d 17 (Fla. 1977). The mother argues that the same protection is not required for a report of a guardian ad litem that is submitted pursuant to section 61.403, Florida Statutes (1991). We disagree. Indeed, section 61.403(5) contemplates that a guardian's report will be submitted to the parties at least twenty days "prior to the hearing at which it will be presented unless the court waives such time limit."
The father was not afforded an opportunity to rebut the contents of the report prior to the entry of the final order. Accordingly, we reverse and remand. Because the child has been in the primary custody of the mother since June 1992, the trial court may permit the child to remain in her custody while this matter is resolved on remand.
Reversed and remanded.
CAMPBELL, A.C.J., and SCHOONOVER, J., concur.