657 So.2d 918 (1995)
Debra L. CROOKS, Appellant,
v.
David C. CROOKS, Appellee.
No. 95-0881.
District Court of Appeal of Florida, Fourth District.
June 28, 1995.
Colleen M. Crandall of Colleen M. Crandall, P.A., Boca Raton, for appellant.
Edward J. Jennings, Fort Lauderdale, for appellee.
A. Margaret Hesford of Colodny, Fass & Talenfeld, P.A., Fort Lauderdale, for Guardian Ad Litem.
*919 PER CURIAM.
We reverse a non-final restraining order changing custody of the parties' children. On remand, the court shall conduct an evidentiary hearing affording Appellant the opportunity to be heard.
The order was entered ex parte on an emergency basis without notice and without verified pleading or sworn evidence. It was essentially founded on an unsworn report by a guardian ad litem. Although not clear, Appellee's petition resulting in the order was apparently brought under chapter 61, Florida Statutes. However, regardless of whether the temporary custody change and restraining order is founded on section 61.13, Florida Statutes, section 741.30, Florida Statutes, or rule 1.610, Florida Rules of Civil Procedure, it cannot be entered without sworn evidence. Swartsell v. Swartsell, 615 So.2d 825 (Fla. 4th DCA 1993); Leinenbach v. Leinenbach, 634 So.2d 252 (Fla. 2d DCA 1994); Forte v. Torres, 409 So.2d 260 (Fla. 3d DCA 1982); Alarcon v. Alarcon, 370 So.2d 105 (Fla. 3d DCA 1979).
It is now several months since entry of the ex parte order and this court has no information as to what, if anything, has occurred in the interim. Appellant had the opportunity to seek further relief in the trial court and apparently has elected not to do so. We also recognize that the order is based on a report by a guardian appointed by the court. Therefore, the emergency order shall remain in effect for a period not to exceed ten days from the date of our mandate.
GLICKSTEIN, STONE and STEVENSON, JJ., concur.