662 So.2d 732 (1995)
Heather GIELCHINSKY, Appellant,
v.
Robert J. GIELCHINSKY, Appellee.
No. 95-1935.
District Court of Appeal of Florida, Fourth District.
November 1, 1995.
Cynthia L. Greene of the Law Offices of Elser, Greene, Hodor & Fabar, and the Law Offices of Melvyn B. Frumkes & Associates, P.A., Miami, for appellant.
Nancy Little Hoffman of Nancy Little Hoffman, P.A., Fort Lauderdale, and Michele Kane Cummings of Michele Kane Cummings, P.A., Hollywood, for appellee.
PER CURIAM.
After the parties' marriage was dissolved in 1995, appellee/father filed a petition to modify custody and an emergency motion alleging that the mother was hindering his visitation rights and hampering his relationship with the children. Following an evidentiary hearing on the emergency motion, the court temporarily changed custody from the mother to the father and gave the mother visitation rights. We conclude that the father did not demonstrate such an emergency *733 as would justify temporarily changing custody. We reverse.
At the emergency hearing, which the court set only because the father alleged there was an emergency, the mother argued that there was no emergency and thus no basis for a temporary change of custody prior to the final hearing. The father's counsel then admitted that she claimed it was an emergency only to get an early hearing. In spite of that concession, the court proceeded to hear testimony from the witnesses who were present and temporarily changed custody in spite of the mother's counsel's request that the court wait to hear from additional witnesses who were not present.
We conclude that the trial court abuses its discretion in temporarily changing custody where, as here, custody was already established by a judgment and a petition to permanently change custody is pending, unless there is a real emergency. In Hayman v. Hayman, 522 So.2d 531 (Fla. 2d DCA 1988), the court reversed an order changing custody on an emergency basis where the wife did not receive notice until the morning of the hearing. The second district concluded that she was denied due process because of insufficient notice, but also stated that the fact that the father desired to enter a child into a particular school was not an emergency. See also Somerville v. Reusser, 649 So.2d 339 (Fla. 5th DCA 1995) (Husband's desire for visitation during a particular time period did not constitute an emergency).
Although there was evidence presented at the emergency hearing that the mother was interfering with the father's visitation rights, and section 61.13(4)(c)(2), Florida Statutes (1993), does authorize a change of custody on that ground if it is in the best interests of the children, the mother did not receive a full and complete hearing on the issue. There was no evidence of an actual emergency, and once the court became apprised of that fact, it should not have proceeded.
We do not intend to discourage trial courts from taking appropriate action where there is a true emergency, where, for example, a child is threatened with physical harm or is about to be improperly removed from the state. When the court here took such action in the absence of an emergency, however, it essentially determined the case without giving the parties the opportunity to have a full and complete hearing on the issues.
We therefore reverse the order temporarily changing custody so that the issue can be resolved properly at a final hearing on the petition for modification.
Reversed.
WARNER, FARMER and KLEIN, JJ., concur.