669 So.2d 1152 (1996)
Linda S. WILSON, Appellant,
v.
Blaine Alan ROSEBERRY, Appellee.
No. 95-2064.
District Court of Appeal of Florida, Fifth District.
March 22, 1996.
*1153 Ronald L. Pritts, Altamonte Springs, for Appellant.
Gary Shader, Maitland, for Appellee.
ANTOON, Judge.
Linda Wilson [the mother] appeals the non-final order granting Blaine Roseberry [the father] temporary custody of the parties' four children.[1] Because the mother was not given notice and an opportunity to be heard before the entry of the order, we must reverse.
In October 1993, the parties' marriage was dissolved. The final judgment of dissolution of marriage awarded the mother primary residential custody of the children, and the father liberal visitation rights. Importantly, the final judgment was silent with regard to the mother's authority to relocate the children outside Florida.
In August 1994, the father filed a petition seeking modification of custody requesting that the trial court award him primary residential care of the children. The trial court denied the petition.
In July 1995, the father filed a supplemental petition and emergency motion for change of custody and return of the parties' children to Florida.[2] In this petition, the father alleged that the mother had moved the parties' children from Florida to Illinois without notice to him. He also asserted that it would be in the children's best interest that they be returned to Florida, and that he be appointed their primary residential custodian. The father attached to his petition a copy of the following letter from the mother:
Due to financial and educational purposes, I will be relocating in Moline, Illinois ... with my parents. The children and I will remain up here for a period of one year from July 1995 to July 1996. Due to the distance, visitation will need to be revised for that year. I am hoping to further educate myself to provide better for the children. I know this will be a distance for your visitation, I hope we can amicably work something out. Be assured that I will continue to foster love and respect for you and the children. Again, it will only be for a short period of time. You are more than welcome to call or write the kids at any time.
On the same day the petition was filed, the trial court considered it ex parte. The court then entered an order finding the children had been removed from Florida without the consent or knowledge of the father, and that it would be in the best interest of the children that they be returned to Florida. The court also awarded immediate, temporary custody of the children to the father. The trial court ordered law enforcement officers in Illinois to take custody of the children and then to notify the father to pick them up. *1154 Notice of these proceedings was never given to the mother.
The mother appeals this order, arguing that the instant record does not contain sufficient evidence to support the trial court's decision to temporarily modify custody, and that she should have been given notice and an opportunity to present evidence before the trial court ruled upon the father's petition. We agree.
In order to prevail on a request for a temporary modification of custody, the moving party must meet the burden of proving that (1) a substantial change in the condition of one or both of the parties has occurred, and (2) the best interests of the child will be promoted by the change. Antonetti v. Amato, 544 So.2d 286, 287 (Fla. 1st DCA 1989). Our court has explained that in order to conduct a proper inquiry into these two issues both parties must generally be given the opportunity for a full hearing where the parties and their witnesses are given an opportunity to testify. Vazquez v. Vazquez, 626 So.2d 318, 319 (Fla. 5th DCA 1993).
The mother is correct that the instant record does not contain sufficient evidence to support the conclusion that a temporary change in custody was warranted. As noted above, the father was required to prove both a substantial change in circumstances and that it would be in the children's best interest that he be appointed their temporary custodian. The trial court's only relevant findings were that the mother had removed the children from Florida without the father's knowledge or consent and that it was in the best interest of the children that they be returned to Florida. However, there is no record evidence demonstrating that it would be in the children's best interests to return immediately to Florida and be placed in the father's custody. The single fact that the mother had relocated with the children to Illinois was not sufficient to justify a finding of changed circumstances because the parties' final dissolution judgment did not prohibit the mother from relocating with the children. See Hayes v. Hayes, 578 So.2d 54, 56 (Fla. 2d DCA 1991).
Furthermore, the record is clear that the trial court ordered a temporary modification of custody without affording the mother prior notice or the opportunity to present evidence on her own behalf. Under these facts, such an order violated the mother's basic constitutional due process rights to notice and an opportunity to be heard. See Gielchinsky v. Gielchinsky, 662 So.2d 732, 733 (Fla. 4th DCA 1995); Shaw v. Shaw, 455 So.2d 1156, 1157 (Fla. 5th DCA 1984).
We acknowledge that entry of an ex parte order modifying child custody is not per se reversible, but instead, such an order can be upheld where the case involves a true emergency such as where "a child is threatened with physical harm or is about to be improperly removed from the state." Gielchinsky, 662 So.2d at 733. However, the instant facts do not fall within this exception. The trial court was confronted with a verified pleading setting forth allegations against the mother regarding her care of the children and that she had taken the children to Illinois without the father's knowledge. The allegations did not rise to the level of an emergency situation requiring a change in child custody without notice to the custodial parent, and the mother's relocation was not per se improper because the parties' dissolution judgment did not prohibit the mother from relocating with the children.
More importantly, even where the trial court is authorized to enter an emergency ex parte modification order, in our view the court should thereafter afford the custodial parent prompt notice and opportunity to be heard. Stated another way, the trial court should make every reasonable effort to allow both parties to be heard prior to issuing an emergency modification order. If this is not possible, however, an opportunity to be heard should be provided as soon thereafter as possible. This will not only protect the due process rights of both parties, but will also provide the trial court with greater and more reliable evidence upon which to base its decision. Moreover, it will help to avoid unnecessary rehearing of custody issues which is often devastating to the child.
We sympathize with the conscientious trial judges, such as the one here, who are called *1155 upon to make difficult decisions regarding the welfare of children often under the worst of circumstances. Parties often consider custody issues to be emergencies even when they are not, and trial judges are often forced to make difficult decisions concerning custody on an expedited basis without having the benefit of the most pertinent information. Appellate courts are not quick to second-guess the trial judges and we are reticent to disturb their decisions. However, with the advantage of sufficient time for reflection and consideration of the decisions of this and other courts, we have the opportunity to review how the case was decided and to determine whether sufficient weight has been afforded to the competing interest of due process.
In summary, we must vacate the order of July 11, 1995 and direct that any future proceedings on the father's petition for modification of custody and motion for return of minor children to Florida be conducted only after the mother has been given notice and an opportunity to be heard.
VACATED and REMANDED.
HARRIS and THOMPSON, JJ., concur.
NOTES
[1] We have jurisdiction pursuant to 9.130(a)(3)(C)(iii) of the Florida Rules of Appellate Procedure.
[2] The father's petition was brought under Chapter 61, Florida Statutes (1993).