PER CURIAM.
This is an appeal by Elizabeth Roque, former wife of appellee, Roy Paskow, and the mother of the couple’s three children who are now involved in a temporary custody dispute. Appellant challenged a trial court order which changed temporary primary residential custody of the three children from her to appellee, their father.
Appellant raised several points on appeal of the non-final order, but we find one particular point dispositive. We find that appellant has demonstrated to this court that she was denied due process when the court entertained a hearing and ruled on appellee’s emergency motion for temporary custody, where the emergency motion was served on her at the hearing set on the guardian ad litem’s motion concerning another matter. The guardian ad litem had filed a motion seeking direction from the trial court regarding contacts between the children and their father after recent allegations of child abuse attributed to the father by appellant. There was nothing in that motion or in the record presented, suggesting that a temporary custody change from appellant to appellee would be considered at that hearing.
Appellant also demonstrated that she was denied due process to the extent that the guardian ad litem recommended a temporary custody change which was not noticed in its motion for directions from the trial court.
The fifth district in Wilson v. Roseberry, 669 So.2d 1152, 1154 (Fla. 5th DCA 1996), held that in order to modify temporary custody, a party must prove a substantial change in the condition of one or both of the parties, and that the best interests of the child will be promoted by the change. That court also acknowledged that in order to conduct a proper inquiry into these two elements, the parties ordinarily must be given the opportunity for a full hearing where they and their witnesses are given an opportunity to testify. Id. at 1154, (citing Vazquez v. Vazquez, 626 So.2d 318, 319 (Fla. 5th DCA 1993)).
The record is clear in this case that the trial court ordered temporary modification of custody without affording appellant mother adequate prior notice or the opportunity to present evidence in her own behalf to rebut the claims made against her for modification. With this record, the order modifying temporary custody violated appellant’s due process rights to notice and an opportunity to be heard. See Gielchinsky v. Gielchinsky, 662 So.2d 732 (Fla. 4th DCA 1995); Gelato v. Basch, 658 So.2d 664 (Fla. 4th DCA 1995).
This was not a case in which emergency circumstances were demonstrated so as to justify the lack of adequate prior notice and opportunity to be heard. Based on the foregoing, the trial court orders dated January 6, 1997 and January 8, 1997 are reversed and the custody of the minor children is returned to the appellant.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
GLICKSTEIN, PARIENTE and SHAHOOD, JJ., concur.