696 So.2d 391 (1997)
Samuel SHAW, Appellant,
v.
Elizabeth SHAW, Appellee.
No. 97-1723.
District Court of Appeal of Florida, Fourth District.
June 6, 1997.
*392 PARIENTE, Judge.
This is an appeal by Samuel Shaw (the husband) from a non-final order entered ex parte on April 15, 1997, which granted Elizabeth Shaw (the wife) temporary primary residential custody of the parties' minor child and allowed her to temporarily relocate out of state. The husband also appeals a subsequent order of May 1, 1997, which set an evidentiary hearing for June 10, 1997 on the propriety of the wife's relocation.
Pursuant to the husband's motion, we expedited review.[1] We reverse the non-final order entered April 15, 1997 because the trial court erred in granting the wife's emergency motion without affording the husband notice or an opportunity to be heard.
The gist of the wife's emergency motion, filed with her petition for dissolution, was that she had accepted employment in Louisiana at a salary far in excess of her present earnings and her position in Louisiana was to start immediately. The motion did not reflect service on the husband nor reflect any reason why he could not or should not be served.
Under extraordinary circumstances, a trial court may enter an order granting a motion for temporary custody of a child without affording prior notice to the opposing party or an opportunity to be heard. Loudermilk v. Loudermilk, 693 So.2d 666 (Fla. 2d DCA 1997). A true emergency situation might arise where, for example, a child is threatened with physical harm or is about to be improperly removed from the state. See Gielchinsky v. Gielchinsky, 662 So.2d 732, 733 (Fla. 4th DCA 1995); Loudermilk; see also Wilson v. Roseberry, 669 So.2d 1152 (Fla. 5th DCA 1996). Without prior notice and an opportunity to be heard, a litigant's due process rights are violated. See Roque v. Paskow, 693 So.2d 999 (Fla. 4th DCA 1997); Gielchinsky; Wilson.
In this case, the facts do not indicate that a true emergency or extraordinary circumstances existed to justify a lack of prior notice to the husband. The facts certainly do not indicate a true emergency to justify the entry of an order ex parte. There is no allegation that the husband threatened harm to the minor child. In addition, at the time the order was entered, husband's contrary emergency motion to prevent the child's removal was also pending. The fact that the error may be cured by the upcoming hearing on June 10th does not eliminate the error in entering the April 15th order.
We wholeheartedly concur with the observations of Judge Antoon in Wilson wherein he expressed sympathy with the conscientious trial judge who is "called upon to make difficult decisions concerning custody on an expedited basis," especially where parties label matters emergencies when they are not. Wilson, 669 So.2d at 1154. However, as Judge Antoon also stated, "the trial court should make every reasonable effort to allow both parties to be heard prior to issuing an emergency modification order. If this is not possible, however, an opportunity to be heard should be provided as soon thereafter as possible." Id.
Accordingly, we reverse the order of April 15, 1997. We dismiss the appeal from the order setting evidentiary hearing as a nonappealable non-final order. However, we note that the error in entering the original ex parte order was compounded by the delay of almost two months in setting an evidentiary hearing. See id.
FARMER and STEVENSON, JJ., concur.
NOTES
[1] The notice of appeal was filed May 15, 1997. We expedited review based on the husband's motion to expedite. The non-final appeal was perfected May 30, 1997 when the reply brief was filed. We note that the husband did not file the notice of appeal until the thirtieth day after the order was entered, which action appears to be at odds with his representation in the motion to expedite that his due process rights were violated and "the child presently appears to be potentially at risk."