MAY, J.
The mother appeals a trial court order entered on the father’s verified ex parte motion for temporary injunction granting exclusive temporary custody of the minor child. She argues that the trial court abused its discretion in entering the order. We agree and reverse.
The father filed a motion for temporary custodial modification, and alleged that the mother had subjected the minor child to physical violence, making reference to a school report recounting the child’s statement to a teaching assistant. He also alleged that the mother had previously admitted that she had been engaged in physical fights with her daughter, in the house, the car, and in public. He alleged that the mother was seen “rolling on the asphalt, wrestling and struggling with” the child at a soccer match. He also alleged that the child had been left alone with an infant and a four-year old child while in the custody of the mother’s adult daughter, and that she had been exposed to domestic arguments between the adult daughter and her boyfriend. And lastly, he alleged that there was marijuana in the trailer home where the mother’s adult daughter lived.[1]
Initially, the trial court told the father that the motion to change custody required *1285 an evidentiary hearing and eonld not be considered during motion calendar. The court then advised him that the motion could be considered, and additional time would be allowed, if it was submitted as an emergency. Following that advice, the father resubmitted the pleading as a verified ex parte motion for temporary injunction granting exclusive custody of the minor child. He attached partial deposition transcripts of the mother and the adult daughter’s boyfriend. The mother’s transcript contained her explanation of the allegations forming the basis of the motion. The other deposition contained an admission about the marijuana by the adult daughter’s boyfriend.
The trial court granted the motion on November 18, 2002, and awarded the father exclusive temporary custody of the child, pending an evidentiary hearing on December 9, 2002. The mother filed an emergency motion to stay the order, which the court denied. The mother filed this appeal and requested this court to stay the trial court’s order. This court denied the stay. On December 9, 2002, only the father and the guardian ad litem appeared. The trial court decided not to conduct the evidentiary hearing because the November 18, 2002, order was on appeal to this court.
This court has reviewed the order under an abuse of discretion standard. Gielchinsky v. Gielchinsky, 662 So.2d 732 (Fla. 4th DCA 1995). To obtain a temporary modification of custody, the moving party must establish (1) that there has been a substantial change in the condition of one or both parties; and (2) that the change in custody serves the best interests of the child. Kendall v. Kendall, 832 So.2d 878 (Fla. 4th DCA 2002). Only under extraordinary circumstances may a trial court grant a party temporary custody of a child without affording prior notice to the opposing party or an opportunity to be heard. Shaw v. Shaw, 696 So.2d 391 (Fla. 4th DCA 1997).
We agree with the mother that no true emergency existed in this case. The father concedes that the reason he filed for an emergency ex parte injunction was that the trial court had no other available time for an evidentiary hearing until after January, 2003, when a new judge would take over the presiding judge’s caseload. The father’s frustration with the court docket, however, does not transform his standard motion for modification of custody into an emergency.
There were no sworn affidavits or other forms of evidence to substantiate the father’s allegations. The father relied instead on unsubstantiated hearsay. In fact, the mother’s deposition testimony explained or refuted much of what the father alleged. This evidence was insufficient to establish a substantial change in the condition of either party or that the change in custody would serve the best interests of the child.
For these reasons, the order is reversed, and the ease remanded for further proceedings. We will entertain no motions for rehearing and the clerk is directed to issue the mandate forthwith.
POLEN, C.J., and FARMER J., concur.

. The trial court had previously entered an order prohibiting the mother from leaving the minor child in the custody of her adult daughter.