932 So.2d 393 (2006)
Laura L. SMITH, f/k/a Laura L. Crider, Appellant,
v.
Benjamin C. CRIDER, Appellee.
No. 2D05-5606.
District Court of Appeal of Florida, Second District.
April 7, 2006.
*395 Brandon J. Rafool of Brandon J. Rafool, L.L.C., Winter Haven, for Appellant.
*396 Jean Marie Henne, Winter Haven, for Appellee.
ALTENBERND, Judge.
Laura L. Smith (the "mother"), appeals an order denying her motion to dissolve an ex parte temporary injunction. The injunction temporarily modifies a final judgment of dissolution of marriage by (1) awarding Benjamin C. Crider (the "father"), Ms. Smith's former husband, immediate temporary sole parental responsibility of the parties' two minor children and (2) prohibiting the mother from removing the children from the jurisdiction of the court without the consent of the father or without a court order. In fact, this "temporary injunction" is not a distinct order entered by the trial judge but consists of a copy of the father's "motion for temporary injunction and for other relief" that is stamped "Motion Heard, Considered And Granted" and dated and signed by a circuit court judge. The entry of this "injunction" or "order" raises serious due process concerns. Based upon those concerns and other reasons, the trial court was required to dissolve the injunction. We therefore reverse the order denying the motion to dissolve the injunction.
The parties were divorced pursuant to a final judgment of dissolution of marriage entered on October 31, 2000. The final judgment awarded the parties shared parental responsibility for the children with the mother designated as the primary residential parent, subject to visitation by the father. On August 22, 2005, the father filed a supplemental petition for modification of the final judgment, seeking sole parental responsibility of the children. On the same date, the father also filed a "motion for temporary injunction and other relief." This motion was "sworn to and subscribed" by the father before a notary public. In the motion, the father made serious allegations regarding the mother's fitness as a parent. The most serious allegations involved alleged drug use. However, as alleged, it is clear that the source of much of the allegations was not the father's personal knowledge but accusations made by third parties, none of whom presented similar affidavits. The father also alleged that the children were in the care of a maternal grandmother who was in poor health, and that the mother's "present whereabouts are unknown."
Notably, this motion did not explicitly request ex parte relief. Perhaps this explains why the motion did not allege the elements necessary to obtain an injunction nor the factual matters generally required to obtain ex parte emergency relief. It is unclear from our record how the motion was presented to the trial judge or how it resulted in the granting of such ex parte relief.[1] Nevertheless, one day after the father filed his petition and motion, the trial judge stamped the motion "granted." That same day, the mother was somehow located and personally served with the petition, the motion, the "order" granting the motion, and other documents. She immediately responded by filing a motion to dissolve the temporary injunction and by scheduling a prompt but brief hearing on her motion.
At the hearing, the mother presented legal argument regarding her motion to dissolve the injunction. The father did not present or proffer any evidence, and indeed it appears that the time scheduled for this hearing would not have permitted the same. The father did indicate his willingness *397 to schedule an evidentiary hearing at some unspecified time in the future. The mother objected and argued that the order should be immediately dissolved. The trial judge acknowledged that the order might have "procedural deficiencies" but indicated he felt the allegations were serious enough that he was compelled to act upon the motion. The court pointed out that the mother had now received notice of the proceedings and an opportunity to be heard. The court denied the mother's motion to dissolve the injunction, and the mother appealed that ruling.
The trial court's error in denying the motion to dissolve the injunction is, to a significant degree, intermingled with its error in entering the ex parte injunction in the first instance. The trial court did not follow the procedures necessary to comport with due process when it entered the injunction, and then compounded the error by failing to require the father to plead and prove those elements necessary to support such an order when the mother sought to dissolve the order. The trial court seems to have assumed that the mother had the burden of proof to establish the propriety of dissolving the injunction, even though the trial court had never had any basis in law or fact to enter the injunction.
The initial "order" entered by the trial court provides ex parte relief in the form of a temporary modification of custody and a temporary injunction prohibiting the removal of the children from the jurisdiction of the court. As to the portion of the order granting injunctive relief, the issuance of such an injunction requires compliance with Florida Rule of Civil Procedure 1.610(a),[2] which provides:
(1) A temporary injunction may be granted without written or oral notice to the adverse party only if:
(A) it appears from the specific facts shown by affidavit or verified pleading that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
(B) the movant's attorney certifies in writing any efforts that have been made to give notice and the reasons why notice should not be required.
See also City of Boca Raton v. Boca Raton Airport Auth., 768 So.2d 1191, 1192 (Fla. 4th DCA 2000) (stating a trial court should issue an ex parte injunction only where there exists an immediate threat of irreparable injury that forecloses the opportunity to give reasonable notice). As such, a motion seeking an ex parte temporary injunctionor for that matter, seeking almost any immediate ex parte reliefmust demonstrate how and why providing reasonable notice would actually accelerate, precipitate, or otherwise permit the threatened irreparable injury to occur. Id. at 1193. It is also important to note that a temporary injunction is an extraordinary remedy that should be granted sparingly. City of Boca Raton, 768 So.2d at 1192.
In this case, the father's motion did not present any facts suggesting that there was an immediate threat that the children would be removed from the jurisdiction of the court. Indeed, the father alleged that the children were in the care of the maternal grandmother and the mother's whereabouts were unknown. Thus there appears to have been no basis for the entry of a temporary injunction prohibiting the mother from taking the children from the *398 jurisdiction of the court for any length of time.
Even if the father had established a basis for the issuance of an injunction, the order entered by the court failed to comply with rule 1.610(a)(2) and (c). Rule 1.610(a)(2) requires every temporary injunction entered without notice to be "endorsed with the date and hour of entry" and to "define the injury, state findings by the court why the injury may be irreparable, and give the reasons why the order was granted without notice." Further, rule 1.610(c) requires every injunction to specify the reasons for entry and to describe in reasonable detail the acts restrained, "without reference to a pleading or another document." Certainly the rubber-stamping of the motion for injunction is in violation of the rule and calls into question the subsequent enforceability of such an "order."[3]
Although the entry of such an ex parte temporary injunction in this case is problematic, the granting of a temporary modification of custody based largely upon what appears to be unsubstantiated hearsay and without any notice to the mother or prompt opportunity to be heard is extremely troublesome. Generally, a court may not modify a final judgment of dissolution of marriage on a temporary basis pending a final hearing on a petition for modification unless there is an actual, demonstrated emergency. Gielchinsky v. Gielchinsky, 662 So.2d 732, 733 (Fla. 4th DCA 1995). This rule is founded upon the principles of res judicata arising from the entry of a final judgment and upon the due process concerns raised by altering the rights of the parties affected by the judgment.
This court has recognized that under extraordinary circumstances, a trial court may not only enter an order temporarily modifying custody of a child, but may do so without affording prior notice to the opposing party. Again, however, such an order requires an emergency situation, such as where a child is threatened with physical harm or is about to be improperly removed from the state. See Loudermilk v. Loudermilk, 693 So.2d 666, 667-68 (Fla. 2d DCA 1997); see also Williams v. Williams, 845 So.2d 246, 248 (Fla. 2d DCA 2003) (citing Wilson v. Roseberry, 669 So.2d 1152 (Fla. 5th DCA 1996), and Gielchinsky, 662 So.2d at 733). Even where a trial court properly enters such an order, an opportunity to be heard should be provided to the opposing party as soon thereafter as possible. Loudermilk, 693 So.2d at 668. Failure to give notice to the opposing party prior to the entry of an order when no emergency exists, or failure to provide notice and an opportunity to be heard promptly after the entry of an order when an emergency is presented, deprives the opposing party of his or her right to procedural due process. See, e.g., Loudermilk, 693 So.2d at 668; Wilson, 669 So.2d at 1154. In Wilson, the Fifth District explained: "[T]he trial court should make every reasonable effort to allow both parties to be heard prior to issuing an emergency modification order. If this is not possible, however, an opportunity to be *399 heard should be provided as soon thereafter as possible." 669 So.2d at 1154.
Here, the mother was not provided notice of the father's motion for temporary custody until after it was granted. Under these circumstances, a prompt hearing on the father's allegations was required. In some cases, trial courts insure a prompt hearing by entering an order that grants the relief ex parte but also schedules and provides notice of a prompt evidentiary hearing on the issues raised. We note that this method is not mandated by rule or required by due process, but if the trial court does not employ this method, some provision must be made to schedule a prompt hearing at which the movant must support the allegations made in the ex parte motion.[4] In this case, neither occurred.
The father argues that because he offered to schedule an evidentiary hearing at the hearing on the mother's motion to dissolve the ex parte order, the mother cannot be heard to complain about the lack of a timely hearing on the matter. It is true that any alleged deficiency in the notice provided to an opposing party of a request for ex parte relief may be rendered moot upon a timely hearing at which the opposing party is afforded an opportunity to defend against the allegations. See Williams, 845 So.2d at 248. However, at such a hearing, the burden remains upon the movant to provide competent, substantial evidence supporting the relief requested. Id.; see also Matin v. Hill, 801 So.2d 1003, 1006 (Fla. 4th DCA 2001). Here, the burden remained on the father to present evidence establishing the grounds for an emergency temporary change in custody. Because he failed to present or proffer such evidence at the first available opportunity, the trial court should have dissolved the temporary emergency order. See Matin, 801 So.2d at 1005; Fee v. Usler, 761 So.2d 361, 365 (Fla. 5th DCA 2000). The burden should not have shifted to the mother to schedule a return hearing on the motion for temporary relief or to present evidence rebutting the allegations of the motion.
We agree with the trial judge that the father's motion made serious allegations that required the judge's immediate attention. The allegations, if supported by proper sworn evidence, may have merited the entry of an order temporarily modifying custody of the children, pending a prompt return hearing on the matter once the mother was located and served with the motion. Nevertheless, because the necessary procedural requirements and safeguards were not observed when the ex parte order was entered, the trial court was required to grant the mother's motion to dissolve the order. Indeed, the entry of such ex parte orders in custody proceedings *400 without notice or without a prompt opportunity to be heard not only violates due process, but it is also fraught with the danger that children will be subjected to sudden traumatic changes in custody based solely upon unsubstantiated and untested allegations.
We reverse the order denying the mother's motion to dissolve the temporary injunction and order. Because we have found no basis for the issuance of an injunction prohibiting the removal of the children from the jurisdiction of the court, we direct the trial court to vacate this portion of the temporary order.
At this time, however, months have elapsed since the entry of this order during which the children have presumably remained in the care of the father. This court has no present information regarding the well-being of the children or the parents. Thus, although we reverse the order denying the mother's motion to dissolve the temporary order, we remand this case with directions that the custody provisions of the temporary order remain in effect and that the trial court must conduct an evidentiary hearing on the father's motion within twenty days from the issuance of our mandate, unless both parties agree to hold a hearing at a later date. See Dibble v. Bowlin, 857 So.2d 374 (Fla. 2d DCA 2003); Crooks, 657 So.2d at 919. At that hearing, the father must present competent, substantial evidence supporting his request for an emergency temporary modification of the custody provisions of the final judgment. See Williams, 845 So.2d at 248.
Reversed and remanded.
SALCINES and KELLY, JJ., Concur.
NOTES
[1] The father's appellate counsel is not the attorney who represented him before the trial court.
[2] Pursuant to Florida Family Law Rule of Procedure 12.610(a), injunctive relief in family law cases is governed by rule 1.610, with the exception of injunctions for domestic, repeat, dating, or sexual violence.
[3] We note that the order entered also failed to comply with rule 1.610(b) which provides that "[n]o temporary injunction shall be entered unless a bond is given by the movant in an amount the court deems proper," with the exception of injunctions entered "solely to prevent physical injury or abuse of a natural person." This injunction also did not provide for a bond nor did it explain why the requirement of a bond was unnecessary. Although the fact that this case involved the welfare and custody of children may have supported a decision to waive the requirement of a bond or to require only a modest amount for a bond, a trial court should explicitly refer to such a decision in its written order.
[4] The due process concerns raised by the lack of notice and an opportunity to be heard here are exacerbated by the fact the father's allegations relied in large part on unsubstantiated hearsay. Both ex parte injunctions and ex parte orders providing for a temporary modification of custody require the requesting party to submit sworn evidence to support the relief requested. Crooks v. Crooks, 657 So.2d 918, 919 (Fla. 4th DCA 1995). Generally, the sworn evidence supporting the entry of such an order may not consist solely of unsubstantiated hearsay. See, e.g., Phillips v. Wintter, 835 So.2d 1283, 1285 (Fla. 4th DCA 2003). Here, many of the father's more serious allegations were clearly not made upon his personal knowledge but involved hearsay from third parties. Though the existence of a true emergency regarding the welfare of children may sometimes require immediate action that will not permit the movant to verify each allegation made, the movant must present some modicum of competent sworn evidence. The more the movant relies upon hearsay to allege an emergency, the more critical prompt notice to the opposing party and an opportunity for that party to be heard become.