992 So.2d 883 (2008)
Jeremy W. HADDIX, Appellant,
v.
Rebecca Lin EMRET, Appellee.
No. 2D07-5161.
District Court of Appeal of Florida, Second District.
October 24, 2008.
*884 Allison M. Perry of Law Office of Allison M. Perry, P.A., and Martha-Irene Weed, Tampa, for Appellant.
No appearance for Appellee.
KELLY, Judge.
Jeremy W. Haddix (the father) appeals the order denying his "Motion for Emergency Ex-Parte and Temporary Relief." His motion alleges that continued drug use by Rebecca Lin Emret (the mother) warrants the temporary removal of the parties' minor child from her custody pending a final hearing on supplemental pleadings to modify the custody provisions of a final judgment of paternity. The trial court determined that the circumstances did not constitute an emergency sufficient to justify an immediate change of custody and denied the father's motion without a hearing. We agree with the father that the trial court abused its discretion when it denied his motion without a hearing, and accordingly we reverse.
The parties have one child, born October 12, 2006. A final judgment of paternity entered February 2007, incorporates the parties' paternity settlement agreement and awards the parents shared parental responsibility and rotating custody of the child. After the final judgment was entered, both parties moved to modify the provision pertaining to custody of the child. However, before those petitions could be heard, the father filed an emergency motion alleging that the mother's drug use, deteriorating mental health, and failure to properly care for the child warranted an ex-parte order giving him temporary primary custody of the child. Citing Smith v. Crider, 932 So.2d 393 (Fla. 2d DCA 2006), the trial court denied the motion finding that the father's allegations did not warrant emergency relief.
The parties subsequently attended mediation, resulting in an agreement requiring *885 the mother to undergo a psychological evaluation to determine if she was a fit parent and requiring both parties to submit to drug testing at the other party's request. The parties also agreed that they would not proceed to a final hearing on their modification petitions until the mother's psychological evaluation was completed. Pending the final hearing, the parties maintained their original custody arrangement, with the child rotating every three days between his parents.
After two months, the father filed a second emergency motion seeking temporary primary residential care of the child with supervised visitation and sole parental responsibility. The father also sought an order directing the mother to submit to psychological testing as required by the mediation agreement. After notice to the mother, the court conducted a hearing on the father's motion.
At the hearing, the father testified that the parties' nine-month-old child smelled of marijuana when he picked up the child from the mother, that the child had tested positive for marijuana residue on his hair immediately after being in the mother's care, and that the mother had refused to be tested for drug use. In explaining how the test on the child was obtained, the father stated that he was accompanied by a private investigator when he picked up the child from the mother, that they immediately took the child to a drug testing facility to have his hair analyzed, and that the investigator filmed everything that transpired between the time the father picked up the child until after the test on the child's hair was completed. Although the private investigator was available to testify at the hearing, the court found that his proffered testimony was not material. The father also offered evidence that he had taken and passed a drug test. The results of his test and the test on the child were admitted into evidence.
The court denied the motion for a temporary change of custody stating that Smith required a showing of imminent danger to the welfare of the child to justify temporarily changing custody pending the final hearing on a petition to modify custody. The court concluded the father had failed to show imminent danger, although the positive test of the child's hair was troubling. The court reasoned that at that point no evidence established current drug use by the mother and therefore it could not conclude that the child was exposed to the drug while in the mother's care. The court ordered the mother to submit to a drug test within forty-eight hours, and it stated that if she tested positive the father could "bring the motion back to me and at that time we consider the possibility of the changeof changing the custody arrangements because then you have some actual evidence that would refer to the time period in question that has a direct nexus with the care and custody of the minor child." The order denying the father's motion provided that if the result of the mother's drug screen was positive, "this matter may be heard further on an emergency basis."
The mother submitted to the test as ordered and tested positive for marijuana. As suggested by the trial court, the father incorporated this new information into a third emergency motion. Before the court could hear the father's motion, the mother again tested positive for marijuana, a fact that prompted the father to file his fourth emergency motion. The trial court denied the father's fourth motion without a hearing. It is from this order that the father appeals.
To prevail on a request for a temporary modification of custody, the moving party must meet the burden of proving that (1) a substantial change in the *886 condition of one or both of the parties had occurred, which was of at least temporary duration, and (2) the best interests of the child would be promoted by the temporary change in custody, pending either a return to normalcy or a final hearing to modify permanent custody. Williams v. Williams, 845 So.2d 246, 248 (Fla. 2d DCA 2003); Wilson v. Roseberry, 669 So.2d 1152, 1154 (Fla. 5th DCA 1996). In addition, in Smith, this court stated that "[g]enerally, a court may not modify a final judgment of dissolution of marriage on a temporary basis pending a final hearing on a petition for modification unless there is an actual, demonstrated emergency." 932 So.2d at 398 (citing Gielchinsky v. Gielchinsky, 662 So.2d 732, 733 (Fla. 4th DCA 1995)). We also recognized that a threat of physical harm to a child could constitute a true emergency warranting a temporary modification of custody. Id. To conduct a proper inquiry into these issues, both parties must generally be given the opportunity for a full hearing where the parties and their witnesses are given an opportunity to testify. See Wilson, 669 So.2d at 1154. Based on the facts of this case, we conclude that the trial court abused its discretion in denying the father's motion without conducting a hearing to consider whether a temporary modification in custody was warranted. See id. We therefore reverse the denial of the father's fourth emergency motion and remand for further proceedings.
Reversed and remanded.
DAVIS, J., and LEVY, DAVID L., Associate Senior Judge, Concur.