# Third District Court of Appeal

## State of Florida

Opinion filed May 20, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-877
Lower Tribunal No. 12-13285
_____


**Elizabeth Bronstein,**
Petitioner,

vs.

**Tal Bronstein,**
Respondent.


A Writ of Certiorari to the Circuit Court for Miami-Dade County, Scott M. Bernstein, Judge.

Rosenthal Rosenthal Rasco Kaplan, LLC, Liliana Loebl and Daniel Kaplan, for petitioner.

Daniels Kashtan and Lorne E. Berkeley, for respondent.


Before WELLS, ROTHENBERG and EMAS, JJ.

EMAS, J.

Elizabeth Bronstein ("Former Wife") filed this petition for writ of certiorari[1] to review the trial court's Order on Petitioner/Former Husband's Motion to Vacate Final Judgment Denying Former Husband's Supplemental Petition for Modification of Timesharing Plan Based Upon Former Wife's Fraud Perpetrated on the Court and Request to Stay all Pending Motions by the Former Wife (the "Order"), dated April 9, 2015. The Order effectively modifies the parties' parenting plan by ordering that the six-year old minor child ("Child") reside with his father, Tal Bronstein ("Former Husband"), in Colorado until the court holds an evidentiary hearing on the matter on August 7, 2015– a period of nearly four months. The Order effectively deprives Former Wife of all contact and meaningful timesharing with Child during this time period. The Former Wife contends that the Order, entered on an unverified motion that did not seek emergency relief or modification of timesharing, rendered without any factual findings, and without the taking of any evidence or testimony, constitutes a departure from the essential requirements of law. For the reasons that follow, we grant the writ of certiorari and quash the Order below.

After several years of marriage, the parties separated and the trial court entered a Final Judgment of Dissolution of Marriage on September 25, 2012, which approved and ratified the parties' Marital Settlement Agreement dated

---

[1] This Court has jurisdiction to issue a Writ of Certiorari under Rule 9.030(b)(2) and Rule 9.100 of the Florida Rules of Appellate Procedure.

March 24, 2012. By the time the Final Judgment was entered, Former Husband had already relocated from Miami to Aurora, Colorado. In March of 2014, Former Husband filed a Petition for Modification of Timesharing/Parenting Plan alleging that a substantial change of circumstances had occurred since the entry of the Final Judgment. After hearing evidence for four days, the trial court denied that petition in its Final Judgment Denying Modification due to the lack of any substantial change in circumstances. Former Husband neither appealed that order, nor filed a motion for rehearing. Instead, on April 2, 2015, Former Husband filed an unverified Motion to Vacate Final Judgment Denying Former Husband's Supplemental Petition for Modification of Timesharing Plan Based Upon Former Wife's Fraud Perpetrated on the Court and Request to Stay all Pending Motions by the Former Wife (the "Motion").

In his Motion, Former Husband contends that after the hearing on his prior petition for modification he hired a private investigator ("Investigator") to follow Former Wife. Former Husband alleges that the Investigator found Former Wife spending time with an old boyfriend who she had previously testified she was no longer seeing. Former Husband attached a report from the Investigator to the Motion. The report contained photographs allegedly depicting the Former Wife's ex-boyfriend sitting on Former Wife's balcony, lighting a pipe, and smoking from it. There is no way to ascertain what is contained in the pipe. Neither Child nor

Former Wife are in any of the pictures, there are no allegations that Child was home at the time the photographs were taken, and there are no allegations in the Motion that Former Wife was using drugs. The Motion was not verified and it contained no affidavit from the Investigator. Nonetheless, Former Husband relied on this report as the primary basis for his claim that there was newly discovered evidence and a fraud on the court warranting both a vacatur of the Final Judgment Denying Modification and a stay of Former Wife's pending, unrelated motions until the lower court could rule on the Motion. Significantly, Former Husband did not seek emergency relief in his Motion.

On April 7, 2015, only five days after Former Husband filed the Motion, the trial court, *sua sponte*, deemed this matter an emergency and scheduled a hearing on the motion for April 9, 2015. Former Husband appeared at the hearing by telephone, and Former Wife and her counsel were present. During the hearing, the court took no testimony from witnesses, received no evidence, and deferred ruling on the merits of the Motion. Nevertheless the court ordered, over Former Wife's counsel's objection, that Child would remain in Colorado (where he was visiting Former Husband) until such time that the court could hold an evidentiary hearing. The court reduced its oral pronouncement to writing on April 9, 2015, and its order contained no factual findings.

4

The evidentiary hearing was scheduled for July 29, 2015 and later reset to August 7, 2015. Thus, four months were to pass between the time Child was ordered to temporarily remain in Colorado with Former Husband and the date of the evidentiary hearing. The Order therefore was tantamount to a temporary modification of the timesharing arrangement as established by the parties' parenting plan.

To obtain a writ of certiorari, there must exist: (1) a departure from the essential requirements of the law; (2) resulting in material injury; (3) that cannot be corrected on postjudgment appeal. Reeves v. Fleetwood Homes of Fla., Inc., 889 So. 2d 812, 822 (Fla. 2004). Although Former Wife was given notice of (and attended) the hearing in this matter, the Former Husband's motion did not seek a modification of the timesharing arrangement, and Former Wife was thus not on notice that such relief was within the scope of the motion or the hearing.

Further, it is undisputed that: the motion was unverified; the motion did not seek emergency relief; and the trial court did not take any testimony or rely upon any sworn evidence. There was nothing provided by Former Husband to establish a true emergency or to suggest that Child was being threatened with physical harm or about to be improperly removed from the State of Florida.[2] There was nothing presented even to establish the existence of a substantial change of circumstances

_____

[2] See, e.g., Smith v. Crider, 932 So. 2d 393 (Fla. 2d DCA 2006).

such that Child's temporary relocation to Colorado pending the evidentiary hearing was warranted and in Child's best interest.[3]   The court's Order, which contained no factual findings, was based solely on argument from counsel and the unverified allegations in Former Husband's Motion.[4]   In rendering its emergency Order upon this basis, and scheduling the evidentiary hearing some four months later,[5] the court departed from the essential requirements of the law, causing irreparable harm that cannot be remedied on post-judgment appeal.

We therefore grant the petition, issue the writ and quash the Order below, with instructions that minor Child be returned to Former Wife's care pursuant to the terms of the marital settlement agreement and parenting plan, and for further proceedings consistent with this opinion.

---

[3] See Wilson v. Roseberry, 669 So. 2d 1152 (Fla. 5th DCA 1996)(observing that "to prevail on a request for temporary modification of custody, the moving party must meet the burden of proving that (1) a substantial change in the condition of one or both of the parties has occurred, and (2) the best interests of the child will be promoted by the change").

[4] There is no dispute that the modification effectuated by this Order requires an evidentiary hearing, and Former Wife objected to the court's entry of the Order in the absence of any testimony or other sworn proof.

[5] See Shaw v. Shaw, 696 So. 2d 391 (Fla. 4th DCA 1997).