# Third District Court of Appeal

**State of Florida**

Opinion filed September 9, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1854
Lower Tribunal No. 11-28790
_____

**Candice Wolfson,**
Petitioner,

vs.

**Howard Wolfson,**
Respondent.

A Petition for Writ of Certiorari to the Circuit Court for Miami-Dade County, Stanford Blake, Judge.

Sandy T. Fox (Aventura), for petitioner.

Sidweber & Weintraub and Karen B. Weintraub and Robert W. Sidweber (Fort Lauderdale), for respondent.

Before WELLS, SHEPHERD and LOGUE, JJ.

SHEPHERD, J.

Candice Wolfson petitions for certiorari relief from an order granting an emergency request for temporary supervised visitation with her son. Because the trial court departed from the essential requirements of law when it entered the order without providing both parties an opportunity to be heard in this post-dissolution child custody dispute, we grant the petition and remand for further proceedings.

This case has had a tortured, post-dissolution procedural history. Since the final judgment of dissolution was entered on August 28, 2012, incorporating a mediated marital settlement agreement and detailed parenting plan, the parties have engaged in continuous, unending litigation over their then four-year-old, now seven-year-old son. In October 2014, the father, Howard Wolfson, petitioned for modification of the parties' parenting plan, which provided for shared parental responsibility and equal time sharing with the child. Mr. Wolfson sought sole parental responsibility and limited supervised visitation by the mother. He also moved the trial court, on an emergency basis, to suspend the mother's contact with the child while the petition for modification was litigated on the ground the mother was alienating the child from him and causing the child psychological harm. Mrs. Wolfson filed a mirror-image counter-petition in which she sought the same relief, except in her favor.

The matter initially was assigned to Judge Valerie Manno Schurr, who, on December 11, 2014, commenced an evidentiary hearing. Mr. Wolfson presented the testimony of Dr. Cohn, the child's psychologist, and Dr. Shaw, the child's psychiatrist, in support of his allegation of harm to the child. Unfortunately, the trial court was unable to conclude the hearing, and Mrs. Wolfson did not have the opportunity to present any evidence. At the time, the child was residing with the father, and Judge Manno Schurr orally ordered the child to temporarily remain in the custody of the father, with supervised telephone contact and supervised short visits with the mother. Judge Manno Schurr intended to continue the evidentiary hearing within a couple of weeks; however, a few days thereafter she recused herself.

The case then was reassigned to Judge Stanford Blake, who began a retrial of the matter. Over two days, Mr. Wolfson presented his case, again calling Dr. Shaw and Dr. Cohn, in addition to Dr. Gold, the child's occupational therapist. Once again, the time set aside for the hearing proved to be insufficient and Mrs. Wolfson could not present her case. Judge Blake ordered the supervised visits to continue until the matter could be concluded, intending to promptly set aside time to do so. Regrettably, Judge Blake was taken ill and took medical leave.

Judge Judy Kreeger next inherited the case and decided to continue presentation of the evidence instead of rehearing from the witnesses who

previously testified. Mr. Wolfson's counsel continued and finished presentation of the father's case between March 9 and March 16, 2015. Before presenting her case, Mrs. Wolfson moved to disqualify Judge Kreeger. Her motion was denied, but later overturned by this Court on Mrs. Wolfson's petition for writ of prohibition.

By the time jurisdiction returned to the trial court, Judge Blake had returned to the bench and the parties scheduled various pending motions before him. On July 27, 2015, Judge Blake entered the order on appeal, based on the evidence previously heard by him in February 2015, which ordered continued emergency temporary supervised visitation and telephone contact pending conclusion of the hearing on the petitions for modification.

Unless a party can prove modification is required by a substantial and material change in circumstances, and that the child's best interest will be promoted by such a modification, a trial court should not disturb the child custody determinations made final by a judgment of dissolution of marriage. Wade v. Hirschman, 903 So. 2d 928 (Fla. 2005). Generally, both parties must be given notice and opportunity to be heard on the matter prior to any modification, unless there is an actual, demonstrated emergency situation, "such as where a child is threatened with physical harm or is about to be improperly removed from the state." Smith v. Crider, 932 So. 2d 393, 398 (Fla. 2d DCA 2006); see also

4

Bronstein v. Bronstein, 167 So. 3d 462 (Fla. 3d DCA 2015); Gielchinsky v. Gielchinsky, 662 So. 2d 732 (Fla. 4th DCA 1995). Even in such instances, "every reasonable effort should be made to ensure both parties have an opportunity to be heard." Ashby v. Murray, 113 So. 3d 951, 954 (Fla. 5th DCA 2013); see also Haddix v. Emret, 992 So. 2d 883, 886 (Fla. 2d DCA 2008) ("To conduct a proper inquiry into these issues, both parties must generally be given the opportunity for a full hearing where the parties and their witnesses are given an opportunity to testify.").

Based on the foregoing authorities, we are compelled to find that the trial court departed from the essential requirements of law by temporarily modifying the child's parenting plan without a full hearing in which the mother was permitted to present her case. Accordingly, we quash the order under review and remand the case to the trial court to promptly reconsider the issue of the mother's supervised visitation and conclude the evidentiary hearing on the parties' petition for modification forthwith.

Petition granted; remanded with instructions.