# Third District Court of Appeal

## State of Florida

Opinion filed February 24, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1854
Lower Tribunal No. 11-28790
_____

**Candice Wolfson,**
Petitioner,

vs.

**Howard Wolfson,**
Respondent.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Stanford Blake, Judge.

Kevin Coyle Colbert; Sandy T. Fox, for petitioner.

Paul Morris; Sidweber & Weintraub and Karen B. Weintraub and Robert W. Sidweber (Fort Lauderdale), for respondent.

ON MOTION TO ENFORCE MANDATE OR ALTERNATIVE PETITION FOR WRIT OF MANDAMUS

Before SHEPHERD, EMAS and LOGUE, JJ.

SHEPHERD, J.

After the mother in this post-dissolution child custody case[1] unsuccessfully sought the recusal of the learned family division trial judge[2] assigned to the custody dispute and soon thereafter succeeded on a petition for certiorari relief to this Court, which we expedited, granted the relief sought, and remanded with instructions to the assigned judge to hear the pending cross-petitions for modification of child custody "forthwith," the mother has derailed the evidentiary hearings she so urgently sought in her petition for certiorari relief by filing a private petition for dependency just twelve days before the date scheduled for the hearings.

The mother's filing of this private dependency petition, which has all of the markings of an effort by the petitioner to get her way despite her earlier unsuccessful recusal effort, has triggered Administrative Order 03-15, which automatically caused the transfer of this custody case to the Unified Family Court Complex Litigation Division and a new judge. The dependency petition seeks the same relief as the mother's family court cross-petition for modification which was

---

[1] The litigation in this case is fueled, it seems, by limitless resources. See Wolfson v. Wolfson, 173 So. 3d 1146 (Fla. 3d DCA 2015); Wolfson v. Wolfson, 173 So. 3d 1136 (Fla. 3d DCA 2015); Wolfson v. Wolfson, 2015 WL 6473140, No. 3D15-1808 (Fla. 3d DCA Aug. 31, 2015); Wolfson v. Wolfson, 159 So. 3d 394 (Fla. 3d DCA 2015); Wolfson v. Wolfson, 2015 WL 745770, No. 15-99 (Fla. 3d DCA Jan 28, 2015).

[2] The family court trial judge, Stanford Blake, has a long history of familiarity with the parties. He had been capably managing and handling this case for more than a year with the exception of a brief period of medical leave. Prior to his leave, Judge Blake presided over two full days of trial in February, 2015.

twelve days from being heard – removal of the child from the temporary custody of the father and placement in the care and custody of the mother. The facts alleged in the petition extend back at least as far as August, 2015. We would be naïve to believe that the mother and her new counsel, retained for this purpose, were unaware of the administrative order requiring this case to be transferred to a different judge.

We have the prerogative to overrule the natural workings of this administrative order as it pertains to this case. See Muehleman v. State, 3 So. 3d 1149, 1161-62 (Fla. 2009) ("[A]dministrative orders of judicial assignment 'do not limit the lawful authority of any judge of the court, nor do they bestow rights on litigants.'") (quoting Rodriguez v. State, 919 So. 2d 1252, 1278 (Fla. 2005)); Anderson v. Wagner, 955 So. 2d 586, 590 (Fla. 5th DCA 2006) ("Subject only to substantive law relating to disqualification of judges, litigants have no right to have, or not have, any particular judge of a court hear their cause . . . ."). In fact, we would be inclined to do so for the purpose of vindicating the authority of this Court. In this case, however, we make an exception in what we believe to be the best interests of the child. The child will be eight years old on May 1 of this year. He has been a pawn in the post-dissolution gamesmanship in which his parents have engaged for nearly a quarter of his young life. In a response to the motion to enforce mandate filed at our request by the General Counsel to the Circuit Court,

3

we have been advised that the family court judge has released the time he had previously set aside to try this case and could not reach the case again until June. On the other hand, the Unified Family Judge has set both an arraignment in the dependency case and a status conference to set a trial date in the custody case for late this month. With no disrespect to the family court judge who was at the ready to resolve the disputes between the former spouses in this case, we are advised that the case is likely to progress more quickly in the Unified Family Court. For this reason, we exercise our discretion to deny the father's motion to enforce this Court's mandate in favor of a speedy resolution which would be in the child's best interests. This opinion should not be read to express any opinion of this Court on the resolution of the matters before it.

Motion denied.