DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MARY L. CHEVALIER,**
Appellant,

v.

**TYLER J. EMMERSON,**
Appellee.

No. 4D20-1034

[July 15, 2020]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Jessica Ticktin, Judge; L.T. Case No. 502019DR000273XXXXSB(FZ).

Doreen Inkeles of The Law Firm of Charles D. Jamieson, P.A., West Palm Beach, for appellant.

Jonathan S. Root and Christopher A. Tiso of Jonathan S. Root, P.A., Boca Raton, for appellee.

GROSS, J.

We reverse a postjudgment contempt order awarding a father 100% timesharing and imposing a series of therapeutic steps for the mother to see her children. We reverse because there was no emergency justifying this extreme action at the contempt hearing, especially since a final hearing on a modification of timesharing was already scheduled.

The parties were divorced in Texas in 2010. The mother relocated to Florida with the permission of the Texas court, which established a timesharing plan for the couple's children, who are now 17 and 15 years old. In June 2019, the Florida circuit court entered an order domesticating the Texas divorce orders.

Also, in June 2019, the father filed (1) a supplemental petition to modify timesharing, (2) a motion for contempt against the mother for violating shared parental responsibility and denying him timesharing, and (3) a motion for social investigation. The mother filed a counterpetition to modify timesharing.

The contempt motion resulted in an order finding the mother in contempt for her willful failure to comply with the requirements of shared parental responsibility and timesharing. The court awarded the father makeup timesharing and ordered the mother to use "all reasonable means of parenting skills" to enforce timesharing requirements.

The father filed subsequent motions for contempt directed at timesharing issues from October – December 2019. The contempt motions were scheduled for hearing on March 30, 2020; the modification trial was set for June 29 and 30, 2020.

The mother's attorney withdrew from representing her in February 2020, and then her scheduling problems began. The day her attorney withdrew, the mother filed a pro se motion to continue the hearing and the trial, which the circuit court denied. On March 26, the mother moved to continue the March 30 hearing, which was scheduled for one hour. The hearing was a virtual hearing on the WebEx platform. On the day of the hearing, the mother sent emails expressing her desire for a postponement and claiming medical reasons prevented her from appearing even at a virtual hearing.

The hearing proceeded as scheduled without the mother's participation. The day after the hearing, the trial court entered (1) an order finding the mother in contempt, and (2) an emergency pick-up order directing law enforcement "to immediately place the two minor children into the physical custody" of the father.

In the contempt order, the trial court denied the mother's March 26 motion for continuance. The court found the mother in contempt for her willful failure to comply with the timesharing provisions of the Texas divorce orders. Relying on a 100-page social investigation report (the "report"), the court found that the mother had "engaged in continued interference to disrupt the minor children's relationship with their father." The trial court concluded that it was "in the best interests of the parties' two minor children to modify timesharing at this time for the [father] to have 100% timesharing with the parties' minor children," that the mother would be accorded "*only* supervised timesharing to be agreed upon by the parties or further Order of this court," and that it was "in the best interest of the children for the [father] to have sole responsibility at this time."

The court adopted the recommendations in the report, ordering that the mother complete an intensive series of therapeutic steps to restore unsupervised timesharing with the children. The court ordered the

2

mother to "purge her contempt for failing to appear at the hearing" by "surrendering the two minor children to the [father] and providing him with possession of the two minor children forthwith." The mother appealed.

The problem here is that the trial court ordered extensive and drastic changes to the Texas divorce decree after a brief contempt hearing, when the father's motion to alter timesharing was set for a two-day trial in June. As a general rule, "a contempt order should not be the basis for a change of custody (or extensive visitation) order." *Berger v. Berger*, 795 So. 2d 113, 118 (Fla. 5th DCA 2001). In other words, "[a] court cannot modify timesharing as a sanction for a parent's contempt of a custody order." *Lewis v. Juliano*, 242 So. 3d 1146, 1148 (Fla. 4th DCA 2018) (quoting *Duncan v. Brickman*, 233 So. 3d 477, 480 (Fla. 2d DCA 2017)).

We recognize that when a parent refuses to honor the timesharing schedule in the parenting plan without proper cause, the trial court "[m]ay, upon the request of the parent who did not violate the time-sharing schedule, modify the parenting plan if modification is in the best interests of the child." § 61.13(4)(c)6., Fla. Stat. (2019). For example, in *Ginnell v. Pacetti*, 31 So. 3d 217 (Fla. 4th DCA 2010), this court affirmed a contempt order which also modified timesharing pursuant to section 61.13(4)(c), Florida Statutes (2008), where the parties presented evidence and argument concerning the child's best interests at the hearing, and the judge considered the child's best interests.

Unlike *Ginnell*, the order in this case went beyond a reallocation of timesharing; it eliminated the mother's time with the children until she successfully completed an intensive series of therapeutic steps.

Notwithstanding section 61.13(4)(c)6., Florida Statutes, this court has held that "the trial court abuses its discretion in temporarily changing custody where, as here, custody was already established by a judgment and a petition to permanently change custody is pending, unless there is a real emergency." *Gielchinsky v. Gielchinsky*, 662 So. 2d 732, 733 (Fla. 4th DCA 1995). In *Gielchinsky*, the father filed an emergency motion alleging that the mother was hindering his visitation rights. *Id.* at 732. However, the father's counsel later admitted that she alleged an emergency only to get an early hearing. *Id.* at 733. Following an evidentiary hearing on the emergency motion, which the court had set only because the father alleged that there was an emergency, the court temporarily changed custody from the mother to the father. *Id.* at 732–33.

3

On appeal, this court reversed. *Id.* at 733. Although there was evidence presented at the emergency hearing that the mother was interfering with the father's visitation rights, and section 61.13(4)(c) allowed a change of custody on that ground if it was in the best interests of the children, we concluded that the mother did not receive a full and complete hearing on the issue. *Id.* We explained: "There was no evidence of an actual emergency, and once the court became apprised of that fact, it should not have proceeded." *Id.* We therefore reversed "the order temporarily changing custody so that the issue can be resolved properly at a final hearing on the petition for modification." *Id.*

Here, under the rule established in *Gielchinsky*, the trial court abused its discretion by temporarily changing timesharing where the timesharing schedule was already established by the final Texas divorce orders, the parties' petitions to permanently modify timesharing were pending to be heard at a June 2020 hearing, and the father did not plead or prove an emergency.

To the extent that the orders on appeal modified timesharing, we reverse without prejudice to litigate that issue at a scheduled modification hearing. We affirm that portion of the order directing the mother to pay for the cost of the social investigator's appearance at the contempt hearing.

*Reversed and remanded.*

WARNER and GERBER, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

4